**Juan Jose DELEON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–01–01237–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 25, 2003.

Discretionary Review Dismissed
Jan. 14, 2004.

David S. Barron, John M. Barron Jr., Bryan, TX, for Appellant.

Bill R. Turner, District Attorney, Douglas Howell, III, Assistant District Attorney, Bryan, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and HIGLEY.

## OPINION

TIM TAFT, Justice.

A jury convicted appellant, Juan Jose Deleon, of aggravated assault, enhanced by two prior convictions for murder and one prior conviction for burglary of a building, with all three prior convictions having occurred at the same time. The trial court assessed punishment at 40 years in prison. We determine whether error in the admission of appellant's two prior convictions for murder, convictions which were admitted to impeach appellant under Texas Rule of Evidence 609(a) (attacking credibility of a witness), was harmless in light of appellant's failure to object to the admissibility of the prior convictions under Texas Rule of Evidence 404(b) (extraneous offenses), the State's alternative basis for admissibility. *See* TEX.R. EVID. 404(b), 609(a). We affirm.

### Facts

Appellant and his girlfriend, Amy Aresnas, had a two-year-old son. One day, appellant and Aresnas began arguing at her apartment after she had told him she did not want to date him anymore. Aresnas had gone upstairs to collect some of appellant's things to return them to him. She was walking down the stairs when she was met by appellant, who was coming up the stairs holding a knife. Aresnas saw appellant trying to "strike" her with the knife and, after looking at her wrist, realized that she was bleeding.

College Station Police Officer Anthony Taylor responded to a call from Aresnas after she had been stabbed and found blood and a knife on the floor of her apartment. Officer Taylor saw that Aresnas had a puncture wound on the right side of her chest and two cuts on her wrist. Aresnas told him that, as she was coming down the stairs, appellant met her, hit her on the head with his hand, and then stabbed her with the knife.

When paramedic Lance Norwood met Aresnas at her apartment, Aresnas told him that her "ex-boyfriend stabbed her in the chest and cut her wrists." Aresnas also told her neighbor, Phyllis Wheatfall, that "her husband" had stabbed her. Wheatfall saw appellant leave Aresnas's house and identified him at trial as Aresnas's "husband." In the expert opinion of College Station Police Officer Charles Fleeger, the cuts on Aresnas's wrist were defensive wounds.

At trial, Aresnas testified that she did not remember much about the day she was stabbed. Aresnas admitted that she had signed a non-prosecution affidavit because appellant was the father of her son and that she was reluctant to testify against appellant. Appellant testified that, on the day of the stabbing, Aresnas was the one who had first brandished a knife and that Aresnas poked him twice with the knife before he was able to take it away from her. Appellant stated that he and Aresnas both fell down the stairs together and, at

that point, Aresnas may have been stabbed accidentally.

## Admissibility of Prior Convictions

■ In his sole point of error, appellant contends that the trial court abused its discretion in permitting the State, over appellant's objection, to impeach appellant with two prior murder convictions. Appellant contends the trial court allowed impeachment under two theories: (1) Texas Rule of Evidence 404(b), rebutting the defensive theory of self-defense (first aggressor), and (2) Texas Rule of Evidence 609(a). Appellant addresses each theory of admissibility separately, arguing that the prior murder convictions were not admissible under either theory. The State argues that the prior murder convictions were admissible under either theory, and that appellant failed to preserve his complaint as to rule 404(b) because he objected at trial only as to rule 609(a), regarding attacking the credibility of a witness. In his reply brief, appellant argues that his rule–609 and rule–403 objections were preserved because the trial court understood the nature of appellant's objections; he alternatively argues that if this Court finds that the objections were not preserved, then it should also find that appellant received ineffective assistance of counsel due to trial counsel's failure to preserve these objections properly.[1]

The record reflects that the State provided notice to appellant that the State would offer evidence of appellant's prior convictions, including the two murder convictions, pursuant to rule 404(b) and article 37.07of the Texas Code of Criminal Procedure, in the State's case-in-chief or at punishment. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07 (Vernon Supp.2003); TEX.R.

EVID. 404(b). Under the authority of *Theus v. State,* 845 S.W.2d 874 (Tex.Crim. App.1992), appellant requested a hearing outside the presence of the jury for a determination of the admissibility of appellant's prior convictions for impeachment purposes under rule 609. The trial court granted appellant's request and held such a hearing.

At the hearing, the trial court stated that it would consider whether the prior convictions for murder might be used for impeachment purposes. The trial court also acknowledged that appellant had filed a motion indicating appellant's opposition to use of the prior convictions for impeachment under rules 609 and 403—"the prejudicial effect outweighing the probative value." The trial court specifically instructed the prosecutor to confine her remarks at the hearing to admissibility for impeachment purposes generally, as opposed to admissibility for impeachment on a particular aspect of testimony, such as first aggression. The trial court also considered the remoteness of the two prior convictions, but concluded, under the circumstances as a whole, that the prior convictions were probative of the credibility of the witness. The trial court ruled that the prior murder conviction involving a knife would be admissible without restriction, although the other prior murder conviction would be admissible only in the event that a question arose as to who the first aggressor was. No further objection was made by defense counsel at trial, although defense counsel did ask for a jury instruction limiting consideration of the prior convictions for the purpose admitted. The trial court said that it would instruct the jury twice, once orally at the time of admission, and again in the jury charge.

---

1.  Because appellant did not timely raise his claim of ineffective assistance of counsel by asserting it in his opening brief, we decline to address it. *See Barrios v. State,* 27 S.W.3d 313, 322 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd).

However, the record reflects that the limiting instruction was given only in the jury charge, again without defense objection. The jury was instructed that it could consider the prior convictions only for the purposes of determining appellant's credibility (rule 609(a)) or intent (rule 404(b)) or of rebutting a defensive theory (rule 404(b)).

■ We must determine which issues appellant preserved by objection at trial. We hold that appellant is correct that the trial court was aware of his objections on the basis of rules 609 and 403.[2] His objection under rule 609 was thus preserved. In contrast, despite the State's having put appellant on notice of its intent to introduce the prior murder convictions pursuant to rule 404(b), no defense objection appears in the record opposing admission on the basis of rule 404(b). Therefore, appellant failed to preserve his objection to admissibility pursuant to rule 404(b). Accordingly, we will first address admissibility pursuant to rule 609(a). Then we will address the effect of appellant's failure to preserve his complaint regarding admissibility pursuant to rule 404(b).[3]

## A. Rule 609(a)

■ Convictions for felonies may be admissible to impeach a witness's credibility for truthfulness. Tex.R. Evid. 609(a). A witness's credibility may not be impeached by evidence of a felony conviction if 10 years have elapsed since the date of conviction or release from confinement, unless the court determines that, in the interest of justice, the probative value of the conviction, supported by specific facts and

2. The trial court's mention of rule 403 appears to be a mistaken reference to the weighing analysis of rule 609(a). Rule 609(a) provides:

(a) **General Rule.** For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment, and the court determines that *the probative value of admitting this evidence outweighs its prejudicial effect* to a party.

Tex.R. Evid. 609(a) (emphasis added).

In contrast, rule 403 provides:

**Rule 403. Exclusion of Relevant Evidence on Special Grounds**

Although relevant, evidence may be excluded if its *probative value is substantially outweighed by the danger of unfair prejudice,* confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence.

Tex.R. Evid. 403 (emphasis added).

Although there are weighing analyses in both rule 609(a) and rule 403, they are different. In rule 609(a), prior convictions may be admitted to impeach a witness if the probative value outweighs the prejudicial

effect. *See* Tex.R. Evid. 609(a). In rule 403, relevant evidence is generally admissible unless the unfair prejudice substantially outweighs the probative value. *See* Tex.R. Evid. 403. Here, the weighing analysis from rule 609(a) was applicable because rule 609 was the basis for appellant's objection. The rule–403 weighing analysis would have been applicable only after relevance had been determined under another provision, such as rule 402 or rule 404(b). Thus, the trial court's reference to rule 403 appears to have been merely a mistaken reference to the weighing analysis of rule 609(a).

3. Usually, when evidence is admitted for the wrong reason, but it is admissible for another reason, appellate courts do not find reversible error. *See Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990). This rule makes sense when the evidence is admissible for all purposes. Here, in contrast, the evidence was admissible for one limited purpose, but was erroneously admitted for an additional limited purpose as well. Under these unusual circumstances, it is necessary to perform a harm analysis to determine if having erroneously allowed the jury to consider the evidence for an additional limited purpose was harmful.

circumstances, substantially outweighs its prejudicial effect.[4] TEX.R. EVID. 609(b). The following factors may be considered in weighing the probative value of a conviction against its prejudicial effect: (1) the impeachment value of the prior crime, (2) the temporal proximity of the prior crime, (3) the similarity between the prior crime and the offense being prosecuted, (4) the importance of the defendant's testimony, and (5) the importance of the credibility issue. *Theus*, 845 S.W.2d at 880. The trial court has "wide discretion" to decide whether to admit the witness's prior convictions for impeachment purposes. *Id.*

### 1. Application of the *Theus* Factors

■ First, appellant argues that the impeachment value of his prior convictions was slight because neither crime involved moral turpitude or deception. Appellant correctly notes that the impeachment value of crimes involving deception is higher than that of crimes involving violence, the latter crimes also having a higher potential for prejudice. *See id.* at 881. Because appellant's prior crimes involved acts of violence, rather than acts of deception, the first *Theus* factor weighs against admissibility.

Second, appellant claims that, because the murder convictions were 13 years old at the time of trial, the prior convictions were too remote to be admissible. Prior convictions may be admissible for impeachment only if the past crime is recent and if the witness has demonstrated a propensity for running afoul of the law. *See id.* Here, even though both of appellant's convictions were 13 years old, he had been reincarcerated for them twice and was cur-

rently serving time on them at the time of trial. Therefore, the second factor weighs in favor of admissibility.

Third, appellant argues that the similarity between the past convictions and the charged offense militated heavily against their admissibility because admission of the prior convictions increased the danger that the jury would convict appellant based on a past pattern of conduct. Because both of the prior crimes (but particularly the stabbing-murder) and the charged offense are similar, the third *Theus* factor weighs against admissibility. *See id.*

Finally, appellant claims that the last two *Theus* factors, the importance of appellant's testimony and the importance of the credibility issue, weigh against admissibility because the State called three other witnesses to corroborate Aresnas's story that appellant had stabbed her. The State introduced the testimony of Officer Taylor, paramedic Norwood, and neighbor Wheatfall, all of whom stated that Aresnas had told them that appellant had stabbed her. Because only appellant testified that Aresnas was the first aggressor, appellant's testimony about the events of the day of the stabbing was very important. However, none of the State's three witnesses was present at the scene, and none thus had first-hand knowledge to rebut appellant's testimony that Aresnas was the first aggressor. Therefore, it was important for the State to be able to impeach appellant. Accordingly, the last two *Theus* factors appear to cancel each other.

### 2. Resolution

---

4. Here, appellant objected to the remoteness of his 13-year-old murder convictions in his request for a hearing on the matter. However, probably in light of the fact brought out at trial that appellant had been reincarcerated twice for those convictions and was currently still serving time on them at the time of trial, appellant has abandoned his separate remoteness challenge on appeal. However, temporal proximity is still considered as a factor in the *Theus* analysis, as discussed below.

■ ▪ The probative value of appellant's two prior murder convictions to impeach his credibility was slight, if any. The prejudice, particularly of the prior murder conviction in which appellant had stabbed the victim 23 times with a knife, was great. Probative value and prejudice are important, not only because they are expressly mentioned in rule 609(a), but also because that rule's weighing analysis requires that the probative value outweigh the prejudicial effect, thereby favoring exclusion even when the probative value and prejudicial effect are equal. Accordingly, we hold that the trial court abused its discretion by admitting evidence of the prior convictions for impeachment under rule 609(a).

## B. Harm Analysis

■ Having determined that the trial court erred, we must now determine whether the error was harmless or whether appellant's substantial rights were affected. *See* TEX.R.APP. P. 44.2(b); *Theus*, 845 S.W.2d at 881. A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997). The question is whether the inadmissible evidence contributed to the jury's verdict. *George v. State*, 959 S.W.2d 378, 383 (Tex. App.-Beaumont 1998, pet. ref'd). We must review the entire record to determine whether the error had more than a slight influence on the verdict. *King*, 953 S.W.2d at 271.

In this determination, we must also consider that appellant did not object to the admission of the two prior murder convictions pursuant to rule 404(b).[5] Rule 404(b) allows admissibility of extraneous offenses to prove intent or to rebut a defensive theory,[6] and the trial court instructed the jury that it could consider the extraneous offenses for purposes of determining appellant's credibility or intent or of rebutting the defensive theory that the charged conduct did not occur. We must determine to what extent, if any, appellant was harmed by the admissibility of the two prior murder convictions for the purpose of determining appellant's credibility, beyond the harm done by their admissibility as extraneous offenses.

The prosecutor argued that the jury could consider the two prior murder convictions for all three purposes. In opening remarks, the prosecutor argued:

> Now, let's look at the Defendant to decide who is the person who would bring the knife into this fight. Well, the Defendant has two prior criminal convictions for murder. One of those involves a knife. One of those involves beating a man to death. He has a history of violence, a history of aggression.

> And that can show you what his intent was that day and that can show you who

5. Rule 404(b) provides:

   **(b) Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon timely request by the accused in a criminal case, reasonable notice is given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that arising in the same transaction.
   TEX.R. EVID. 404(b).

6. Although rule 404(b) mentions only admissibility to show absence of mistake of fact, case law has held that the list in rule 404(b) is not exhaustive and that rebutting a defensive theory is contemplated within the rule's purposes. *See Powell v. State*, 63 S.W.3d 435, 438 (Tex.Crim.App.2001).

is the aggressor in the relationship between these two people.

Then, in closing remarks, the prosecutor argued:

> Why is that prior conviction of not one, but two murders, extremely important to you? Number one, it goes to judge his credibility. The law tells you that. But it goes to show intent. Intent. He sits up here and with a calm face and says, "You know what, I was in a relationship with this 18–year–old girl by the name of Amy Aresnas, who was violent toward me. She is the aggressor. And, you know, when she's pregnant, she comes at me with a hammer. And you know what, tons of people saw that."

Even though the prosecutor argued all three purposes, she mentioned credibility only once and did not dwell on it. She did dwell on the other two purposes.

■ What was really prejudicial to appellant was the inherently violent nature of two prior murder convictions and the fact that one prior murder conviction involved appellant's stabbing the victim 23 times with a knife. The prejudice was much more attributable to the admission of the prior convictions pursuant to rule 404(b) than it was to their admission pursuant to rule 609(a). Moreover, as already pointed out, the probative value of the two prior murder convictions regarding appellant's credibility was slight. Thus, it is less likely that the jury considered the two prior murder convictions in determining appellant's credibility beyond the consideration that the jury gave to the same prior murder convictions to show appellant's intent or to rebut a defensive theory. Under

these circumstances, we hold that appellant's substantial rights were not affected by the admissibility of appellant's two prior murder convictions pursuant to rule 609(a). *See* TEX.R.APP. P. 44.2(b).

### Conclusion

We affirm the judgment of the trial court.

Justice KEYES, concurring in the judgment.

EVELYN V. KEYES, Justice, concurring.

I respectfully concur in the judgment only. The trial court instructed the jury that it could consider appellant's prior convictions only to determine appellant's credibility or intent, or to rebut appellant's defensive theory. Appellant preserved error based on Rule 609,[1] but did not preserve error regarding admissibility pursuant to Rule 404(b).[2]

The majority concludes that, when evidence has been admitted properly for a limited purpose, but is admitted erroneously for an additional limited purpose, a harm analysis is appropriate. If evidence is admitted for the wrong reason, but is admissible for a different reason, we do not consider this reversible error, nor do we conduct a harm analysis. *See Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim. App.1990). Because I can discern no difference between evidence erroneously admitted for all purposes and evidence erroneously admitted for a limited purpose, when the evidence is properly admitted under a different rule and the State offers

---

1. Convictions for felonies may be admissible to impeach a witness's credibility for truthfulness. *See* TEX.R. EVID. 609(a).

2. Evidence of other crimes may be admissible for proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See* TEX.R. EVID. 404(b).

alternative bases for admission, I see no reason to depart from *Romero*'s rule.

Accordingly, I would affirm the judgment without conducting a harm analysis.

