Opinion issued July 6, 2006












     





In The
Court of Appeals
For The
First District of Texas




NOS. 01-05-00351-CR
          01-05-00738-CR




ALEJANDRO CASTRO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause Nos. 979340 and 979341




MEMORANDUM OPINION
          A jury found appellant, Alejandro Castro, guilty of aggravated sexual assault
of a child (trial court number 979340 and appellate number 01-05-00738-CR) and
sexual assault of a child (trial court number 979341 and appellate number 01-05-00351-CR), and assessed punishment at 55 years’ and 30 years’ confinement,
respectively. In three points of error, appellant contends (1) the evidence is factually
insufficient to support his convictions and (2) the trial court erred by allowing
appellant to be impeached by evidence of two prior felony convictions. We affirm.
Background
          Cynthia Castro met appellant through a friend at work and married him three
weeks later. Appellant moved in with Cynthia and her four children. Appellant was 
“kind of mean” to Cynthia’s sons, but “paid a lot of attention to [her] girls.” Cynthia
became pregnant shortly after she and appellant married, and gave birth to a son in
December 2003.
          One night, shortly after the birth of her baby, Cynthia awoke and went to the
kitchen to look for appellant. She saw appellant kissing and fondling D.S., Cynthia’s 
12-year-old daughter. Appellant was touching D.S.’s breasts, telling her he loved her,
and calling her “his baby girl.” Cynthia confronted appellant, and he ran to the living
room. Cynthia followed and asked appellant what he was doing. Appellant replied,
“I wasn’t doing nothing,” but Cynthia ordered him to leave the house, which he did.
          The next day, Cynthia asked her daughters whether anything inappropriate had
happened between them and appellant. Although they at first denied any abuse, both
girls finally admitted to Cynthia that appellant had molested them. Apparently,
neither of the girls knew that appellant had abused the other girl. Cynthia called
Child Protective Services, who, in turn, called the police.
          The girls gave statements to the police, who then arranged an interview and
physical examination at the Children’s Assessment Center (hereinafter, “CAC”). 
During D.S.’s first interview at CAC, she did not tell the interviewer that appellant
had intercourse with her, even though she had previously given that information to
the police. However, at a second interview, D.S. gave details about how appellant
had raped her. The physical examinations of both girls were normal.
          At trial, D.S. testified that, on several occasions, appellant came into her room
while she was sleeping and rubbed her on her buttocks and legs. One morning, when
D.S. was getting ready for school, appellant came into her room and started pushing
her. D.S. asked appellant if he was going to rape her, and he responded, “Yes.” He
pushed her on the bed, removed her pants, and then put his penis in her vagina. After
appellant was finished, D.S. saw semen on the bed. Appellant then offered D.S. a
ride to school, which she declined. D.S. did not tell anyone about the incident
because she was afraid.
          D.S. also testified about the incident in the kitchen, which her mother had
witnessed. D.S. said that one night, shortly after her baby brother was born, appellant
called her into the kitchen and began kissing her and rubbing her buttocks and legs. 
D.S.’s mother came into the kitchen and began yelling at appellant. The next day,
D.S. at first denied that appellant had done anything inappropriate, but later told her
mother what appellant had done.
          D.S.’s 15-year-old sister, A.S., testified that one night in November 2003,
appellant came into her room while she was sleeping and rubbed her buttocks. She
moved and pretended to be asleep and appellant left the room. Appellant later came
back and began rubbing her buttocks under her pants. Again she moved and
appellant left the room. She awoke once more during the night to discover that her
pants were down around her ankles and appellant was rubbing her buttocks. 
Appellant rolled A.S. over onto her back, and then he placed his finger in her vagina. 
A.S. testified that on at least two other weekends, appellant came into her room at
night and rubbed her buttocks. A.S. did not tell anyone because she did not want to
upset her mother, who was pregnant at the time. After Cynthia discovered appellant
kissing D.S. in the kitchen, A.S. discovered for the first time that appellant had been
doing the same thing to D.S. that he had been doing to her. When Cynthia first
questioned A.S. about whether appellant had done anything inappropriate with her,
A.S. said no. However, she later told her mother about what had happened and her
mother called the police.
          Appellant, testifying on his own behalf, denied sexually assaulting either girl. 
He testified that he believed that the girls’ allegations were the result of a dispute
between he and Cynthia over the paternity of their son. Appellant did not believe that
the baby was his biological child because the baby had a light complexion and blue
eyes.
Factual Sufficiency
          In his first point of error, appellant argues that the evidence is factually
insufficient to prove that he committed a sexual assault of A.S. or an aggravated
sexual assault of D.S. “In a factual sufficiency review, we view all the evidence in a
neutral light, both for and against the finding, and set aside the verdict if ‘proof of
guilt is so obviously weak as to undermine confidence in the jury’s determination, or
the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof.’” Vodochodsky v. State, 158 S.W.3d 502, 510 (Tex. Crim. App. 2005)
(quoting Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000)). We consider all
of the evidence weighed by the jury, comparing the evidence that tends to prove the
existence of the elemental fact in dispute with the evidence that tends to disprove it,
but avoiding substitution of our judgment for that of the fact finder. Id. In conducting
a factual-sufficiency review, we must discuss the evidence that, according to the
appellant, most undermines the jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003). 
          Appellant contends the evidence is factually insufficient because the testimony
of the child complainants was not credible. Specifically, appellant points out that (1)
the girls did not initially report the abuse, (2) appellant testified that he did not
sexually abuse the girls, and (3) the girls had a motive to lie, i.e., appellant and their
mother had an ongoing dispute over the paternity of their newborn baby brother. 
          However, under both a legal and factual sufficiency review, the jury is the
exclusive judge of the facts, the credibility of the witnesses, and the weight to be
given to the witnesses’ testimony.” Jaggers v. State, 125 S.W.3d 661, 672 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d). The jury could have believed all, some,
or none of the girls’ or any other witness’s testimony. See Sharp v. State, 707 S.W.2d
611, 614 (Tex. Crim. App. 1986). Credibility was for the jury to assess and to weigh. 
See Johnson, 23 S.W.3d at 7. The testimony of a complainant standing alone, even
when the complainant is a child, is sufficient to support a sexual-assault finding. See
Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon Supp. 2005); see also Jensen v.
State, 66 S.W.3d 528, 534 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d) (stating
that testimony alone of child complainant is sufficient to support conviction of sexual
assault); Ruiz v. State, 891 S.W.2d 302, 304 (Tex. App.—San Antonio 1994, pet.
ref’d) (same). Physical evidence is not necessary to corroborate a sexual assault
victim’s testimony. See Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App.
[Panel Op.] 1978) (concluding evidence of complainant’s testimony alone was legally
sufficient despite lack of physical evidence).
          In this case, D.S. testified that one morning, as she was getting ready for
school, appellant came into her room, pushed her onto the bed, and placed his penis
in her vagina. A.S. testified that appellant came into the room where she was
sleeping and began rubbing her bottom over her pants. He later returned, took her
pants off, and put his finger in her vagina. Two months later, the girls’ mother caught
appellant fondling D.S. one night in the kitchen. Although the girls at first denied
that anything inappropriate had taken place, they later told their mother what
appellant had done and their mother called the police. D.S. was interviewed twice at
CAC because, the first time she was interviewed, she did not tell the interviewer, as
she had previously told the police, that appellant had sexual intercourse with her.
          Dr. Lawrence Thompson Jr., director of therapy and psychological services at
CAC, testified that “delayed outcry” is common in child abuse cases and occurs in
over half the cases. He also testified that children often make a “partial outcry” by
revealing portions of the abuse, and as they become more comfortable they are able
to talk about other aspects of the abuse.
          The jury made the determination that the girls’ testimony was more credible
than appellant’s testimony. We have reviewed the entire record in the appropriate
light, and we cannot say that the evidence of guilt either is so weak as to indicate that
a manifest injustice has occurred, or is greatly outweighed by contrary evidence. See
Vodochodsky, 158 S.W.3d at 510.
          We overrule appellant’s first point of error.
Admission of Prior Convictions For Impeachment Purposes
          In his second and third points of error, appellant contends that the trial court
erred in permitting the prosecutor to impeach his testimony with prior felony
convictions. Specifically, appellant complains that the State was permitted to
introduce evidence that, in 1998, he was convicted of felony possession of marihuana,
and in 1992, he was convicted of felony possession of a prohibited weapon. We
review admission of this evidence under an abuse of discretion standard. Lucas v.
State, 791 S.W.2d 35, 51 (Tex. Crim. App. 1989). 
          Evidence that a witness has been convicted of a crime is admissible to attack
the witness’s credibility if the crime was a felony or involved moral turpitude and the
court determines that the probative value of the evidence outweighs its prejudicial
effect. Tex. R. Evid. 609(a). However, evidence of a conviction is not admissible
under the rule if more than ten years has elapsed since the date of the conviction, or
the release from confinement, if later, unless the probative value substantially
outweighs the prejudicial effect. Id. 609(b). 
          However, Rule 609(b)'s “substantially outweighs” test will not be applied to
a prior conviction over ten years old if the witness’s lack of reformation is shown by
evidence of an intervening conviction for a felony or a misdemeanor involving moral
turpitude. Lucas v. State, 791 S.W.2d 35, 51 (Tex. Crim. App. 1989); Jackson v.
State, 50 S.W.3d 579, 591 (Tex. App.—Fort Worth 2001, pet. ref’d).
          Here, the record shows that, between the 1992 conviction for possession of a
prohibited weapon and the charges for which appellant was on trial, appellant had a
felony conviction for possession of marihuana (1998) and a felony conviction for
unlawfully carrying a weapon (1999). The intervening 1998 and 1999 felony
convictions are evidence of appellant’s lack of reformation, thus we analyze the
introduction of both the 1992 conviction for possession of a prohibited weapon and
the 1998 conviction for possession of marihuana under Rule 609(a)'s “outweighs”
test, not 609(b)’s “substantially outweighs” test.
          To determine whether the probative value of the evidence outweighs the
prejudicial effect, courts look to the factors set forth by the Court of Criminal Appeals
in Theus v. State: (1) the impeachment value of the prior crime; (2) the temporal
proximity of the past crime relative to the charged offense and the witness’s
subsequent history; (3) the similarity between the past crime and the offense being
prosecuted; (4) the importance of the defendant’s testimony; and (5) the importance
of the credibility issue. 845 S.W.2d 874, 880 (Tex. Crim. App. 1992).
(1) Impeachment Value of Prior Crimes 
          Regarding the first factor, the impeachment value of prior crimes involving
deception or moral turpitude is greater than for crimes involving violence. Id. at 881; 
Deleon v. State, 126 S.W.3d 210, 215 (Tex. App.—Houston [1st Dist.] 2003, pet.
dism’d.). Further, violent crimes are likely to have more of a prejudicial effect. 
Theus, 845 S.W.2d at 881; Deleon, 126 S.W.3d 210 at 215. Possession of
marihuana and possession of a prohibited weapon are neither crimes of deception, nor
crimes of violence. Thus, the first Theus factor is neutral and favors neither
admission nor exclusion.
(2) Temporal Proximity
          Appellant had three prior felony convictions—one in 1992, one in 1998, and
one in 1999. As such, appellant has shown a “propensity for running afoul of the
law.” Theus, 845 S.W.2d at 881. As discussed above, because there was evidence
of intervening convictions suggesting appellant has not reformed his conduct, the
second factor, concerning temporal proximity, can be read as favoring admission. See
Rodriguez v. State, 129 S.W.3d 551, 560 (Tex. App.—Houston [1st Dist.] 2003, pet.
ref’d); Jackson v. State, 11 S.W.3d 336, 340 (Tex. App.—Houston [1st Dist.] 1999,
pet. ref’d).
(3) The Similarity Between the Past Crime and the Charged Offense
          The third factor concerns the similarity between the past crimes and the
offenses being prosecuted. The present case involves charges of aggravated sexual
assault and sexual assault, neither of which is similar to the prior convictions for
possession of a prohibited weapon and possession of marihuana. Thus, factor three
leans in favor of admission because there is a lessened possibility of prejudice. See
Theus, 845 S.W.2d at 881.
(4) & (5) The Importance of the Defendant’s Testimony and Credibility
          Factors four and five concern, respectively, the importance of appellant’s
testimony and the importance of the credibility issue. “When the case involves the
testimony of only the defendant and the State’s witness, the importance of the
defendant’s credibility and testimony escalates. As the importance of the defendant’s
credibility escalates, so will the need to allow the State an opportunity to impeach the
defendant’s credibility.” Id. In this case, the credibility of the minor complainants
and appellant’s credibility were critical issues because there was no physical evidence
to tie appellant to the crimes. As such, factors four and five favor admission of
evidence to impeach appellant’s credibility. See id. 
          In sum, the trial court did not abuse its discretion in concluding that the Theus
factors favor admission of the evidence of appellant’s prior convictions. We overrule
appellant’s second and third points of error.
Conclusion
          We affirm the judgments of the trial court.
 
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Taft and Nuchia.

Do not publish. Tex. R. App. P. 47.2(b).