Affirmed and Memorandum Opinion filed August 16, 2007








Affirmed and Memorandum Opinion filed August 16, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00402-CR

_______________

 

MARVIN DALE ADKINS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 262nd  District
Court

 Harris County, Texas

Trial Court Cause No. 1042871

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

A jury
found appellant, Marvin Dale Adkins, guilty of sexual assault.  The trial judge
found each enhancement paragraph true and sentenced him to sixty years= confinement.  In one issue,
appellant contends the trial court erred by allowing the State to impeach him
with prior convictions.  Our disposition is based on settled law.  Accordingly,
we issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

 

 








I.  Background 

On
September 19, 2005, appellant sexually assaulted C.B. while she worked in her
family=s grocery store.  At trial, C.B.
testified that appellant entered the store, purchased a soft drink, and told
C.B. that she was beautiful.  She responded that she was married and had a
family, even though she was not married.  Appellant remained for a few more
minutes while other customers were in the store and then left.  

Five to
ten minutes later, appellant reentered the store after the other customers had
left.  Appellant pushed C.B. to the ground, slid his right hand inside her
shirt, squeezed her breast, and inserted two of his fingers from his left hand
into her vagina.  Appellant began to unzip his pants, but he  stopped when he
heard another customer enter the store.  Appellant attempted to leave through
the front door.  However, C.B. locked the front door by pressing a button near
the cash register.  Appellant ran out the back door.    

C.B.
called her sister, who was working at a nearby store.  Her sister=s husband drove from the nearby store
to the grocery store.  When he arrived, he observed an African-American man
getting into a white car.  C.B. told her brother-in-law that she had been raped
by the man getting into the white car.  C.B.=s brother-in-law followed the white
car and wrote down the license plate number.  He returned to the store and gave
the license plate number to the police.  The license plate was registered in
appellant=s name.  








A few
days later, Detective Moreno, a Houston Police Department detective, showed
C.B. a photo spread.  C.B. positively identified appellant in the photo spread
as the attacker.  Appellant was arrested. Detective Moreno spoke with appellant
while he was in jail.  Appellant agreed to make a written statement about the
incident.  In the statement, appellant admitted that he saw an Asian female
working in the grocery store.  He thought she was dressed very provocatively. 
He assumed based on her manner of dress that Ashe wanted some sexual contact,@ so he touched her in an Ainappropriate@ manner.  She resisted his advances,
and he realized that he had Amade a serious mistake.@  At trial, appellant testified to
the same version of the incident.

A jury
found appellant guilty of sexual assault, and the trial judge sentenced him to
sixty years= confinement.

II.  Analysis 

In his
sole issue, appellant contends the trial judge erred by allowing the State to
impeach him with prior convictions, several of which were more than ten-years
old.  Specifically, appellant argues that the trial court abused its discretion
in allowing the State to impeach with extraneous offenses because they were
more prejudicial than probative under the Theus factors. See Theus
v. State, 845 S.W.2d 874, 881B82 (Tex. Crim. App. 1992).

We
review a trial court=s evidentiary ruling for an abuse of discretion.  Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing a trial
court=s decision to admit into evidence a
prior conviction, we must accord the trial court Awide discretion.@  Theus, 845 S.W.2d at 881.  A
ruling permitting use of a prior conviction to impeach will be reversed on
appeal only upon a showing of a clear abuse of discretion. Id. As long
as the trial court=s ruling is within the zone of reasonable disagreement, we
may not disturb it.  Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1990).             








Under
Texas Rule of Evidence 609, evidence that a witness has been convicted of a
crime is admissible to attack the witness=s credibility if the crime was a
felony or involved moral turpitude and the court determines that the probative
value of the evidence outweighs its prejudicial effect.  See Tex. R. Evid. 609(a);  LaHood v.
State, 171 S.W.3d 613, 620 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).  However, evidence of a
conviction is not admissible under the rule if more than ten years has elapsed
since the date of the conviction, or the release from confinement if later,
unless the probative value substantially outweighs the prejudicial effect.  See Tex. R. Evid. 609(b); LaHood,
171 S.W.3d at 620.  An appellate court may find that later convictions for
felonies or misdemeanors that involve moral turpitude remove the taint of
remoteness from prior convictions, which are more than ten-years old.  Hernandez
v. State, 976 S.W.2d 753, 755 (Tex. App.CHouston [1st Dist.] 1998, pet. ref=d).  In that circumstance, the rule
609(a) Aoutweigh@ standard is appropriate because Atacking@ of intervening convictions
ameliorates the remoteness of ten years or other convictions.  Id.  

In
determining whether the probative value of a prior conviction outweighs its
prejudicial effect, courts consider the following factors adopted by the Court
of Criminal Appeals in  Theus v. State:  (1) impeachment value of the
prior crime, (2) temporal proximity of the past crime relative to the charged
offense and the witness=s subsequent history, (3) similarity between the past crime
and the offense being prosecuted, (4) importance of the defendant=s testimony, and (5) importance of
the credibility issue.  845 S.W.2d at 880.  These factors cannot be applied
with Amathematical precision@ because several of the factors
relevant to assessing probative value cut in different directions.  Id. 

Before
trial, appellant filed a Motion to Permit Defendant to Testify Free of
Impeachment with Prior Conviction.  The trial court denied appellant=s motion.  At trial, the State
questioned appellant about the following convictions and appellant admitted to
them:

$                  
Convicted in 1999 of possession of
a controlled substance in the 180th District Court in Harris County;

$                  
Convicted in 1994 of possession of
a controlled substance in the 176th District Court in Harris County and
received prison sentence; 

$                  
Convicted in 1989 of possession of
a controlled substance in the 177th District Court in Harris County and
received prison sentence; 

$                  
Convicted in 1989 of delivery of a
controlled substance in the 177th District Court and received prison sentence;

$                  
Convicted in 1991 of robbery in
Wichita, Kansas, and received prison sentence; 








$                  
Convicted in 1974 of manslaughter
in Oklahoma City, Oklahoma and received  prison sentence.  

Appellant=s counsel objected to each of these
questions on the basis of Aimproper impeachment,@ Arelevance,@ or both.  The trial court overruled
his objections regarding these listed offenses.  

The
State asked appellant about the following convictions, and he denied them:  

$                  
Convicted in 1973 of sexual
assault of a child in Harris County; 

$                  
Convicted in 1981
of grand larceny in Little Rock, Arkansas.  

The
State asked appellant about the following convictions to which the trial court
sustained appellant=s objections and denied his motions for new trial:

$                  
Convicted in 1977 of assault in
Harris County in County Court 7;  

$                  
Convicted in 1958 of burglary of a
motor vehicle in Oklahoma City, Oklahoma. 

$                  
Convicted in 1974
of escape in Oklahoma City, Oklahoma.   

Therefore, we focus our
Rule 609 analysis on whether the probative value of appellant=s prior convictions for possession
and delivery of a controlled substance, robbery, and manslaughter outweighs its
prejudicial effect.  

A.        Impeachment Value of Prior
Crimes 








We begin
our analysis with the first Theus factorCimpeachment value of the prior crime.[1] 
Appellant contends impeachment with prior convictions was unnecessary because
his written statement provided Aexcellent fodder@ for the State.  However, appellant=s argument misconstrues the first Theus
factor.  The first factor attributes greater impeachment value to prior
convictions involving deception or moral turpitude than crimes involving
violence because violent crimes are more likely to have a prejudicial effect. Theus,
845 S.W.2d at 881. 

Relative 
to appellant=s drug-related convictions, possession of a controlled substance and
delivery of a controlled substance, impeachment value is low because they are
neither a crime of deception nor a crime of violence.  See Denman v. State,
193 S.W.3d 129, 136 (Tex. App.CHouston [1st Dist.] 2006, pet. ref=d) (declining the State=s invitation to find delivery of
cocaine to be a crime of moral turpitude and finding that first Theus
factor cut against admissibility); Hernandez, 976 S.W.2d at 762 (finding
impeachment value for delivery of marijuana is low); White v. State, No.
14-93-00908-CR, 1995 WL 321599, at *3 (Tex. App.CHouston [14th Dist.] May 25, 1995, no
writ) (not designated for publication) (finding impeachment value for
possession of a controlled substance is low).  

Relative
to appellant=s robbery conviction, while robbery is clearly dishonest and involves the
threat or use of violence, it is not clear whether it necessarily includes the
element of deception.  Simpson v. State, No. 14-04-01019-CR, 886 S.W.2d
449, 452 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d). Therefore, the first factor
favors neither admitting nor excluding the prior robbery conviction.  See
Berry v. State, No. 14-04-01019-CR, 2006 WL 909482, at *3 (Tex. App.CHouston [14th Dist.] April 11, 2006,
no pet.) (not designated for publication) (stating the first factor favors
neither party because it was unclear whether robbery necessarily involves an
element of deception).








Relative
to appellant=s manslaughter conviction, we note that one of our sister courts has
observed that manslaughter does not involve deception, but may involve
violence. See Smith v. State, No. 01-05-01095-CR, No. 01-05-01096-CR,
2007 WL 79475, at *10 (Tex. App.CHouston [1st Dist.] Jan. 11, 2007,
pet. ref=d) (not designated for publication)
(finding first Theus factor may favor exclusion of manslaughter);  DeLeon
v. State, 126 S.W.3d 210, 215 (Tex. App.CHouston [1st Dist.] 2003, pet. dism=d) (finding murder to be an act of
violence rather than deception when applying first Theus factor).  For
purposes of this case, we treat the conviction for manslaughter in the same
neutral manner as a conviction for robbery because both may involve some level
of violence and it is unlikely that either would involve deception. Therefore,
the first Theus factor favors exclusion of the drug-related offenses,
and it is neutral relative to the robbery and manslaughter convictions.

B.        Temporal Proximity and Subsequent History

We next
consider the second factorC temporal proximity of the past crimes relative to the charged
offense and the witness=s subsequent history.  This factor favors admission if the
past crime is recent and if the witness has demonstrated a propensity for
running afoul of the law.  Theus, 845 S.W.2d at 881.  Appellant contends
the second factor favors inadmissibility for the prior offenses because only
the 1999 conviction for possession of a controlled substance occurred within
ten years prior to this trial.  However, Texas courts have held that subsequent
convictions for felonies or misdemeanors involving moral turpitude may remove
the taint of remoteness from prior convictions.  See Lucas v. State,
791 S.W.2d 35, 51 (Tex. Crim. App. 1989) (stating the A[e]vidence of the lack of reformation
or subsequent felony and certain misdemeanor convictions may then cause
the prior conviction to fall outside the general rule and not be subject to
remoteness@ and that A[t]he question is one of discretion for the trial court@(emphasis in original)); see also
Rodriguez v. State, 129 S.W.3d 551, 559 (Tex. App.CHouston [1st Dist.] 2003, pet. ref=d); Hernandez, 976 S.W.2d at
755. 

Here,
appellant=s 1999 felony conviction for possession of a controlled substance was not
remote for purposes of Rule 609.  Although the five other convictions were more
than ten years old, appellant=s intervening felony conviction in 1999 indicates he has not
reformed his conduct and has shown a propensity for running afoul of the law.  See
Theus, 845 S.W.2d at 881; Rodriguez, 129 S.W.3d at 560.  Thus, the
second factor favors admission of appellant=s prior convictions.  

 








C.        Similarity

The
third factor concerns the similarity between the past offenses and the offense
being prosecuted.  Similarity between an offense and the current offense
militates against admissibility, whereas dissimilarity between the prior
offenses and the current offense favors admissibility.  Theus, 845 S.W.2d
at 881.  Appellant contends the third factor militates against admissibility
of  Aappellant=s prior sexual assault and assault
convictions@ due to similarity with the prosecuted offense.  However, the record
reflects that appellant denied that he had been convicted of sexual assault. 
Furthermore, the State offered no other evidence during the guilt-innocense
phase to support impeachment based on the prior conviction for sexual assault. 
Consequently, appellant was not impeached.  Furthermore, the trial court
sustained appellant=s counsel=s objection to the State=s question regarding a prior
conviction for Aassault@ and instructed the jury to disregard the question about Aassault.@  Therefore, the Aassault@ conviction was not admitted.  See
Theus, 845 S.W.2d at 881 (explaining that under the third factor prejudice
arises when admission of the prior conviction would likely lead the jury to
convict on the perception of a past pattern of similar conduct rather than the
facts of the charged offense).    

This
case involves sexual assault, which is not similar to any of appellant=s prior convictions.  Appellant
admitted prior convictions for possession of a controlled substance, delivery
of a controlled substance, robbery, and manslaughter.  Thus, the third factor
favors admission because there is a lessened possibility of prejudice.  See
Theus, 845 S.W.2d at 881. 

D.        Importance of Defendant=s Testimony and Credibility








The
fourth and fifth factors are related because they both concern the importance
of appellant=s testimony and credibility.  See Theus, 845 S.W.2d at 881.  The
fourth factor focuses on the importance of the defendant=s testimony, and the fifth factor
focuses on the importance of the credibility issue.  Id. at 880.  When
the evidence presented in a case involves only the defendant=s testimony versus the testimony of
the State=s witnesses, the importance of the defendant=s testimony and credibility
escalates.  Id. at 881.  As the importance of the defendant=s credibility escalates, the need to
allow the State an opportunity to impeach the defendant=s credibility also escalates.  Id.


Here,
appellant was the only witness during his case-in-chief.  His testimony focused
on his recollection of the encounter with C.B. in the grocery store.  As often
happens in sexual assault cases, there were no eyewitnesses other than the
parties involved.  LaHood, 171 S.W.3d at 621.  Therefore, appellant=s testimony and the credibility issue
were crucial elements at trial.  See id.  Thus, the fourth and fifth
factors favor admission.   

After considering appellant=s argument and the appellate record
in light of the Theus factors, the first factor favors exclusion of the
drug-related offenses.  However, the first factor is neutral relative to the
manslaughter and robbery convictions.  The remaining four factors favor
admission of the prior convictions.  Affording the trial court wide discretion
mandated by Theus, we hold the trial court properly permitted the State
to impeach appellant with his prior convictions for possession and delivery of
a controlled substance, robbery, and manslaughter. 

Accordingly, we overrule appellant=s sole issue and affirm the judgment
of the trial court.  

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum Opinion filed August 16,
2007.

Panel consists of Justices Anderson, Fowler, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  We note that appellant does not address each
conviction separately.  Instead, he only generally argues that the trial court
erred by admitting Aprior convictions.@