Opinion issued June 11, 2009









In The
Court of Appeals
For The
First District of Texas




NOS. 01-08-00249-CR
           01-08-00250-CR




ROBERT VOSS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from 209th District Court
Harris County, Texas
Trial Court Cause Nos. 1120439 and 1120438




MEMORANDUM OPINION

          A jury convicted appellant, Robert Voss, of two offenses of aggravated robbery,
and assessed punishment at 25 years’ imprisonment for each, concurrent. See Tex.
Penal Code Ann. §§ 29.02(a)(2), 29.03(a)(2) (Vernon 2003). Appellant brings two
points of error, claiming the evidence was legally insufficient to show that appellant
used a deadly weapon and that the trial court erred in admitting appellant’s prior
convictions. We affirm.
Background
          In the early morning hours on June 11, 2007, two friends, Brianne Hart-Narum
and Mark Forbes, were eating and talking in the outdoor picnic area of a Sonic
restaurant. Hart-Narum and Forbes were the only individuals in the picnic area when
appellant approached them and grabbed Hart-Narum’s car keys. They testified that
appellant then pulled a knife and held it under his shirt, with only part of the blade
visible. They further testified that appellant demanded they give him all their money
and that he threatened to stab one of them if they did not comply. At no point did
appellant point the blade directly at either of them or actually stab them.
          Hart-Narum testified that she felt “threatened,” “worried,” and “very scared”
because appellant had a knife, demanded money, and threatened to stab one of them
if they did not comply. Forbes testified that he felt “threatened” and “really thought”
appellant was going to stab him.
          Houston Police Officer Robert Taylor was patrolling in the early morning hours
of June 11, 2007, when he saw Hart-Narum and Forbes at the Sonic and appellant next
to the table where they were seated. Taylor pulled into the Sonic, at which time
appellant saw him, turned, and walked behind a menu and garbage can. As Officer
Taylor got out of his patrol car, he noticed “the look of fear on Hart’s face” and could
tell from years of experience that “something was just not right.” At that time,
Hart-Narum yelled, “He’s got my keys!” and Taylor quickly grabbed appellant and
detained him. Taylor searched appellant and found two, closed long-blade knives in
appellant’s pants pockets. Taylor showed Hart-Narum and Forbes the knives, but
neither could identify the knife they saw appellant holding. Taylor testified that
knives could be deadly weapons and could cause serious bodily injury.
          Appellant testified at trial and denied robbing Hart-Narum and Forbes. 
Appellant said he was buying dinner for his family, but was short a couple of dollars. 
He asked Hart-Narum and Forbes to give him the money he was short, and he testified
they gave it voluntarily. Appellant further testified that he was polite and never
threatened them and that he took Hart-Narum’s car keys by mistake. Appellant also
testified that in order to assuage their fear and prove he was not trying to “con” them,
he took everything out of his pockets, including his knives, and laid it out on the table. 
Appellant stated that what Hart-Narum and Forbes saw under his shirt was a belt
buckle and not a knife.
          The State sought to impeach appellant with previous felony convictions for
possession of cocaine in 1992, aggravated assault in 1994, and burglary of a building
in 1998. Appellant’s trial lawyer conceded that the burglary-of-a-building conviction
could be used to impeach, but objected to the State’s use of the possession-of-cocaine
and aggravated-assault convictions. The trial court overruled the objection, holding
that the convictions were substantially more probative than prejudicial. The trial court
held that the three convictions could be used only for impeachment purposes and
limited the State to inquiring about the nature of the cases and years of the
convictions. The trial court also instructed the jury to consider the convictions only
for purposes of weighing appellant’s credibility.
Sufficiency of the Evidence
          In point of error one, appellant contends the evidence was legally insufficient
because the State presented no evidence that he used a “deadly weapon,” specifically
claiming the State did not show that appellant either (1) used a knife “manifestly
designed, made or adapted for the purpose of inflicting death or serious bodily injury”
in the course of committing a robbery, or (2) used a knife “that in the manner of its use
or intended use is capable of causing death or serious bodily injury.” Tex. Penal
Code Ann. § 1.07(a)(17) (Vernon Supp. 2008).
A.      Standard of Review
          In assessing legal sufficiency, we must consider the entire trial record to
determine whether, viewing the evidence in the light most favorable to the verdict, a
rational jury could have found beyond a reasonable doubt that the accused committed
all essential elements of the offense. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct.
2781, 2789 (1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001). We
must “evaluate all of the evidence in the record, both direct and circumstantial,
whether admissible or inadmissible.” Dewberry v. State, 4 S.W.3d 735, 740 (Tex.
Crim. App. 1999). In conducting a legal-sufficiency review, we do not reevaluate the
weight and credibility of the evidence, but ensure only that the jury reached a rational
decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993). It is the
function of the trier of fact to resolve any conflict of fact, to weigh any evidence, and
to evaluate the credibility of any witnesses. See Dewberry, 4 S.W.3d at 740; Adelman
v. State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). We resolve any
inconsistencies in the evidence in favor of the verdict and “defer to the jury’s
credibility and weight determinations.” Matson v. State, 819 S.W.2d 839, 843 (Tex.
Crim. App. 1991); see Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App.
2006).
B.      The Law
          The indictments alleged that appellant committed the offense of aggravated
robbery. A person commits the offense of aggravated robbery if, in the course of
committing theft and with intent to obtain or to maintain control of the property, he
intentionally or knowingly threatens or places another in fear of imminent bodily
injury or death and uses or exhibits a deadly weapon. Tex. Penal Code
Ann. §§ 29.02(a)(2), 29.03(a)(2) (Vernon 2003). A deadly weapon is: 
(A) a firearm or anything manifestly designed, made, or adapted for the
purpose of inflicting death or serious bodily injury; or
(B) anything that in the manner of its use or intended use is capable of
causing death or serious bodily injury.
Tex. Penal Code Ann. § 1.07(a)(17) (Vernon Supp. 2008).
          A knife can be found to be a deadly weapon based on the nature of its use or
intended use. Garcia v. State, 17 S.W.3d 1, 4 (Tex. App.—Houston [1st Dist.] 1999,
pet. ref’d). Some factors that are considered in determining whether a particular knife
qualifies as a deadly weapon are “(1) the size, shape, and sharpness of the knife; (2)
the manner in which appellant used the weapon; (3) the nature of any inflicted
wounds; (4) testimony concerning the knife’s life-threatening capabilities; and (5) the
words appellant spoke.” Banargent v. State, 228 S.W.3d 393, 398 (Tex.
App.—Houston [14th Dist.] 2007, pet. ref’d); see also Brown v. State, 716 S.W.2d
939, 946 (Tex. Crim. App. 1986) (listing as relevant factors defendant’s express and
implied threats, distance between defendant and victim, and victim’s description of
knife). 
          Objects used to threaten deadly force are deadly weapons, even if the actor has
no intention of actually using deadly force. McCain v. State, 22 S.W.3d 497, 503
(Tex. Crim. App. 2000). Evidence is sufficient if a knife is displayed in a manner
conveying an express or implied threat that serious bodily injury or death will be
inflicted if the desire of the person displaying the knife is not satisfied. Billey v. State,
895 S.W.2d 417, 422 (Tex. App.—Amarillo 1995, pet. ref’d). By producing the knife
and exhibiting its blade, even if only in part, a defendant can achieve his desired effect
of placing a person in fear of death or serious bodily injury. Id. at 422–23. 
C.      Discussion
          Appellant argues the evidence was legally insufficient to show he used a deadly
weapon because (1) neither the arresting officer nor the two complainants testified that
the knife appellant used was a “deadly weapon” and (2) neither of the complainants
could identify which of the two knives in appellant’s possession was the one he used
in the robberies. See Tex. Penal Code Ann. §§ 1.07(17)(B), 29.03(a)(2).
          The evidence viewed in the light most favorable to the verdict shows that
appellant made both express and implied threats of serious bodily injury or death by
displaying a knife in a manner that conveyed a threat of serious bodily injury or death.
Hart-Narum and Forbes testified that appellant approached them, demanded money,
pulled a knife, and threatened to stab them if they did not comply. Hart-Narum and
Forbes testified they felt “threatened” and thought appellant was going to stab them. 
Although Hart-Narum and Forbes could not identify which knife appellant had used
because only the blade of the knife had been exposed to them, it is not necessary for
a victim to identify the specific knife that was used during the robbery in order for the
jury to convict a defendant. See Brown, 716 S.W.2d at 946–47 (holding that even
when victim could identify knife only as “similar to” one used during robbery, jury
could consider circumstances surrounding use of knife and conclude that knife was
used as “deadly weapon”).
          The jury had the opportunity to hear the complainants’ testimony regarding
appellant’s proximity to them, his express and implied threats, and the manner in
which he used the knife. Moreover, the jury was able to view the knives for
themselves. A rational jury could have concluded that this evidence affirmatively
showed that the knife, in the manner of its intended use, was capable of causing
serious bodily injury or death, and thus qualified as a deadly weapon. See Tex. Penal
Code Ann. § 1.07(a)(17)(B); Billey, 895 S.W.2d at 422–23 (holding testimony that
defendant, while robbing grocery store, lifted his shirt and pulled out sheathed hunting
knife showing 3/4 inch blade legally sufficient to show knife was deadly weapon).
          We overrule point of error one.
Prior Convictions
          In point of error two , appellant claims the trial court erred by admitting, for
impeachment purposes, evidence of appellant’s prior convictions for “aggravated
assault” and “possession of cocaine” because the ruling is contrary to Tex. R. Evid.
609 and the holding in Theus v. State, 845 S.W.2d 874 (Tex. Crim. App. 1992).
A.      Standard of Review 
          A trial court must be given wide latitude to admit or exclude evidence as it sees
fit. Theus, 845 S.W.2d at 881. We apply the abuse-of-discretion standard of review
to a trial court’s evidentiary rulings. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997). As long as the trial court’s ruling was within the zone of reasonable
disagreement, an appellate court may not disturb it. Montgomery v. State, 810 S.W.2d
372, 391 (Tex. Crim. App. 1990).
B.      The Law
          Rule 609 provides that evidence of a witness’s prior convictions is admissible
for purposes of impeachment if the crime was a felony or a crime of moral turpitude,
and the trial court determines its probative value outweighs its prejudicial effect.


 
Tex. R. Evid. 609(a); Davis v. State, 259 S.W.3d 778, 780–81 (Tex. App.—Houston
[1st Dist.] 2007, pet. ref’d). However, such evidence is inadmissible if 10 or more
years have passed since the conviction date or the witness’s release from confinement,
whichever is later, unless the court determines the probative value substantially
outweighs its prejudicial effect. Tex. R. Evid. 609(b); Davis, 259 S.W.3d at 781. The
decision to admit a remote conviction under Rule 609(b) “lies within the trial court’s
discretion and depends on the facts and circumstances of each case.” Id. at 782; see
also Lucas v. State, 791 S.W.2d 35, 51 (Tex. Crim. App. 1989).
          In addition, although a prior conviction may be more than 10 years old, later
convictions for felonies or misdemeanors involving moral turpitude can remove the
taint of remoteness from the prior offenses. See Lucas, 791 S.W.2d at 51(stating that
evidence of lack of reformation or subsequent felony and certain misdemeanor
conviction may then cause prior conviction to fall outside general rule and not be
subject to objection based on remoteness); Jackson v. State, 11 S.W.3d 336, 339 (Tex.
App.—Houston [1st Dist.] 1999, pet. ref’d). In such a situation, the Rule 609(a)
standard is appropriate because the “tacking” of the intervening convictions renders
a conviction older than 10 years not remote. Jackson, 11 S.W.3d at 339; Hernandez
v. State, 976 S.W.2d 753, 755 (Tex. App.—Houston [1st Dist.]), pet. ref’d, 980
S.W.2d 652 (Tex. Crim. App. 1998) (Womack, J., concurring).
          The Court of Criminal Appeals has set out a nonexclusive list of factors courts
should use to weigh the probative value of a conviction against its prejudicial effect. 
Theus, 845 S.W.2d at 880. These include: (1) the impeachment value of the prior
crime; (2) the temporal proximity of the past crime relative to the charged offense and
the witness’s subsequent history; (3) the similarity between the past crime and the
charged offense; (4) the importance of the witness’s testimony; and (5) the importance
of the witness’s credibility. Id. The proponent seeking to introduce Rule 609
evidence has the burden of showing that the probative value of a conviction outweighs
its prejudicial effect. Theus, 845 S.W.2d at 880.
C.      Theus Factors Analysis
          Appellant contends his possession-of-a-controlled-substance conviction should
not have been admitted into evidence for impeachment purposes because it was remote
and had low impeachment value. He contends his aggravated-assault conviction
should not have been admitted because it is remote, similar to the current crime, has
low impeachment value, and has a high potential for prejudice. Appellant also asserts
that because he was the sole witness in his defense, the need for him to testify free
from both convictions was enormous and therefore favors inadmissibility.
          The possession-of-a-controlled-substance offense was committed in 1992 and
the aggravated-assault offense was committed in 1994, and appellant was sentenced
to two and nine years’ imprisonment respectively. The record does not establish when
appellant was released from confinement for either conviction, so we must look at the
dates of each conviction offered. Morris v. State, 67 S.W.3d 257, 263 (Tex.
App.—Houston [1st Dist.] 2001, pet. ref’d). This case was tried on March 27, 2008,
so both of these convictions were more than 10 years old at the time of trial.
          Appellant’s 1998 felony burglary conviction, for which he was sentenced to 10
years’ imprisonment, provides evidence of appellant’s lack of reformation, and,
therefore, the remoteness alone of appellant’s prior felony convictions would not have
rendered them inadmissible. See Rodriguez v. State, 129 S.W.3d 551, 559 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d) (holding that misdemeanor theft
conviction “tacked on” remote felony convictions, causing them to be treated as not
remote under Rule 609(a)). Accordingly, we review the introduction of appellant’s
prior convictions under 609(a)’s standard. Id.; see also Jackson, 11 S.W.3d at 339;
Hernandez, 976 S.W.2d at 755. 
1.       Impeachment Value
          The impeachment value of prior offenses involving deception or moral turpitude
is greater than for prior offenses involving violence, which are likely to have more of
a prejudicial effect. Theus, 845 S.W.2d. at 881. Aggravated assault involves violence
rather than deception or untruthfulness, and therefore does not weigh against a
witness’s propensity to tell the truth. See id. Drug related convictions have low
impeachment value because they are neither crimes of deception nor crimes of
violence. See Denman v. State, 193 S.W.3d 129, 136 (Tex. App.—Houston [1st Dist.]
2006, pet. ref’d) (declining State’s request to hold delivery of cocaine to be crime of
moral turpitude and holding first Theus factor to weigh against admissibility).
2.       Temporal Proximity and Subsequent History
          The law favors admission of past offenses if they are recent and the witness has
demonstrated a pattern of running afoul of the law. Theus, 845 S.W.2d at 881. 
Immediately on being released from prison for possession of a controlled substance,
appellant committed another felony, aggravated assault. Appellant was incarcerated
shortly thereafter, and after being released, was convicted of another felony, burglary
of a building. Finally, after being incarcerated and released, appellant was charged
with the current offenses. Although appellant’s challenged convictions were more
than 10 years old, appellant’s intervening convictions and similar conduct following
his release from incarceration suggests appellant has not reformed his ways and has
a “propensity for running afoul of the law.” See Rodriguez, 129 S.W.3d at 560. Thus
the second Theus factor favors admission. See id.; Jackson, 11 S.W.3d at 340.
3.       Similarity
          Similarity between the past crime and the charged crime militates against
admission, whereas dissimilarity between the prior and current offense will favor
admission. Theus, 845 S.W.2d at 881. Possession of a controlled substance is not
similar to aggravated robbery with a deadly weapon. This factor weighs in favor of
admission for the possession offense. See id. Aggravated assault and aggravated
robbery are similar as both involve assaultive, violent conduct. Because aggravated
assault and aggravated robbery are similar, this increases the danger that the jury
would convict the defendant based on a past pattern of conduct and therefore weighs
against admissibility. See id.; Deleon v. State, 126 S.W.3d 210, 215 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d, untimely filed).
4.       Importance of Defendant’s Testimony and Credibility
          Finally, with regard to the fourth and fifth factors, Texas courts use a
sliding-scale analysis to determine admissibility. See Theus, 845 S.W.2d at 881. If
the case hinges on the testimony of the defendant and the State’s witnesses, as is the
case here, the significance of the defendant’s credibility and testimony rises, as will
the need to allow the State an opportunity to impeach the defendant. Id.; Davis, 259
S.W.3d at 784. However, should the defendant’s testimony not be central to his
defense, his credibility will decrease in importance, as will the State’s need to impeach
him. See Theus, 845 S.W.2d at 881.
          Here, although the State presented testimony from Officer Taylor and
introduced the knives into evidence, the complainants and appellant provided the only
direct eyewitness testimony concerning the robbery. The credibility of the
complainants and appellant were critical issues. The complainants testified appellant
demanded money and threatened to stab them with a knife if they did not comply,
while appellant testified he never threatened the complainants and they voluntarily
handed him their money at his request. The importance of the witnesses’ testimony
and credibility favors admission. See id.; Davis, 259 S.W.3d at 784.
5.       Conclusion
          Only the first factor militates against admission of the possession offense, while
the first and third factors weigh against admission of the aggravated-assault offense.
The State was limited to asking about the date and nature of the convictions, and the
trial court instructed the jury to consider only the convictions for the purpose of
weighing the defendant’s credibility, thereby reducing any prejudicial effect. See
Norris v. State, 902 S.W.2d 428, 441 (Tex. Crim. App. 1995). We must presume the
jury followed the court’s charge as given. Colburn v. State, 966 S.W.2d 511, 520
(Tex. Crim. App. 1998). Furthermore, appellant decided to take the stand and put his
credibility at issue. Considering all the Theus factors, we hold that the trial court did
not abuse its discretion in determining that the probative value of appellant’s prior
convictions outweighed their prejudicial effect. 
          We overrule appellant’s second point of error.
Conclusion
          We affirm the judgments of the trial court.
 
 
 

                                                             Jim Sharp
                                                             Justice

Panel consists of Justices Bland, Sharp, and Taft.




Do not publish. Tex. R. App. P. 47.2(b).