Opinion issued November 1, 2007











 







In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00892-CR

__________


ROBERT GLEN DAVIS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 208th District Court

Harris County, Texas

Trial Court Cause No. 1034652






O P I N I O N

 A jury found appellant, Robert Glen Davis, guilty of the offense of aggravated
assault, (1) and, after appellant pleaded "true" to the allegations in two enhancement
paragraphs that he had been previously convicted of two felony offenses, the trial
court assessed his punishment at confinement for 50 years. In two points of error,
appellant contends that the trial court erred in "failing to grant [his] Theus (2) motion"
and that the "State's manifestly improper jury argument was so egregious that the
court's instruction to disregard failed to cure the harm." 

 We affirm. Background

 The complainant, Gwendolyn Thompson, testified that she married appellant
in 1986, they separated in 1990, and they maintained "friendly communication" after
their separation. One evening, appellant came to the complainant's house to get his
insulin medication. She let appellant inside, and appellant went to the kitchen. 
Appellant returned to the living room with a "chef's knife" and told the complainant
that he was going to kill her because she would not take him back and would not have
sex with him. Appellant stabbed the complainant repeatedly, and, after the
complainant could no longer move, appellant "snatched the phones" from the
complainant's home, took money from the complainant's purse, and left the home. 
 Appellant testified that when he arrived at the complainant's home, he told the
complainant that he was there to get his insulin, he went to the kitchen, and when he
returned to the living room, the complainant "hit him" with a butcher knife. 
Appellant stated that some of the complainant's wounds were "self-inflicted" and that
the complainant sustained her injuries as he wrestled with her. Appellant further
stated that the complainant actually stabbed him, but he could not remember whether
he ever stabbed the complainant. However, on cross-examination, appellant agreed
that he had stabbed the complainant, but asserted that he did not intentionally try to
hurt her. Theus Motion

 In his first point of error, appellant contends that the trial court erred "by failing
to grant [his] Theus motion." See Theus v. State, 845 S.W.2d 874, 880-881 (Tex.
Crim. App. 1992). Appellant filed a pre-trial "motion to permit [him] to testify free
of impeachment with prior convictions," seeking a ruling from the trial court
prohibiting the State from impeaching him with his three prior robbery convictions
and two prior theft convictions. Within his first point, appellant asserts that his prior
convictions were "too remote" and were dissimilar.

 We review a trial court's decision regarding the admissibility of evidence of
prior convictions for a "clear abuse of discretion." Id.; Morris v. State, 67 S.W.3d
257, 262 (Tex. App.--Houston [1st Dist.] 2001, pet. ref'd). A trial court abuses its
"wide discretion" when its decision to admit a prior conviction lies outside the zone
of reasonable disagreement. Theus, 845 S.W.2d at 881; Morris, 67 S.W.3d at 262.

 Texas Rule of Evidence 609 provides that evidence of a witness's prior
conviction shall be admitted for purposes of impeachment if the crime was a felony
or a crime of moral turpitude and the court determines that the probative value of
admitting the evidence of the conviction outweighs its prejudicial effect. Tex. R.
Evid. 609(a). However, such evidence is not admissible if more than 10 years has
elapsed since the date of the conviction or the witness's release from confinement,
whichever is later, unless the court determines, in the interests of justice, that the
probative value of the conviction supported by specific facts and circumstances
substantially outweighs its prejudicial effect. Tex. R. Evid. 609(b). 

 In regard to appellant's remoteness challenge, we note that, during trial, the
State confirmed on the record, in response to the trial court's questioning, that
appellant was still on parole for two of his prior convictions at the time of the assault. 
Appellant did not challenge this fact. The court then found that "the remoteness issue
[was] resolved" because the remoteness was due, in part, to the fact that appellant had
been in prison for his prior convictions. The court further noted that appellant was
"still on parole" for his prior convictions, and thus the convictions were "not too
remote under the law." Also during trial, appellant testified that he was placed on
probation, his probation was revoked, and he "received eight years" for his 1990 theft
conviction. He also testified that he "served eight years" for his 1990 robbery
conviction, he was sentenced to eight years for his 1991 theft convictions, and he was
sentenced to 25 years for his two 1993 robbery convictions. Appellant also agreed
that, at the time of the assault, he was on parole for his prior convictions. In fact,
appellant agreed that one of the reasons he ran from the scene following the assault
was because he "was on parole" and he knew he "was going to jail." Appellant also
conceded that he had a "long record, criminal record," but maintained that he was not
violent. 

 Appellant argues that because the record is silent as to when he was released
from prison, we should only consider the dates of his convictions in our remoteness
analysis. First, we note that appellant himself testified that he "served eight years"
for one of his 1990 convictions, although the veracity of this testimony is suspect
because appellant was subsequently convicted for further offenses in 1991 and 1993. 
Second, we note that even if the exact date of appellant's release from confinement
is not contained in the record, the trial court appeared to reject the remoteness
challenge based, at least in part, on its finding as to when appellant was released from
prison. Third, we note that in 1993, appellant was sentenced to 25 years confinement
for two robbery convictions, with the sentences to run concurrently. Even if appellant
had served only one-fifth of his sentence--or five years--in prison, these convictions
would not be remote and, instead, would be subject to admissibility under Rule
609(a). See Rodriguez v. State, 129 S.W.3d 551, 559 (Tex. App.--Houston [1st
Dist.] 2003, pet. ref'd) (stating that appellant "was sentenced to 15 years
confinement" and noting that, although record did not reflect date on which appellant
was released from confinement, appellant's conviction would not be remote under
Rule 609(b) "if appellant has served only one-fifth of his sentence"). Finally, we note
that Texas courts have held that subsequent convictions for felonies or misdemeanors
involving moral turpitude may remove any taint of remoteness from prior convictions. 
See Lucas v. State, 791 S.W.2d 35, 51 (Tex. Crim. App. 1989) (stating that
"[e]vidence of the lack of reformation or subsequent felony and certain misdemeanor
convictions may then cause the prior conviction to fall outside the general rule and
not be subject to the objection of remoteness" and that "[t]he question is one of
discretion for the trial court"); see also Rodriguez, 129 S.W.3d at 559. Thus, using
this rationale, if appellant's 1993 convictions could be considered not remote for any
of the above reasons, the trial court could have found that appellant's previous 1990
and 1991 convictions were also not remote. 

 Nevertheless, even if we consider only the dates of appellant's convictions as
the relevant dates under Rule 609 (3) and, thus, agree with appellant that the admission
of his convictions should be evaluated under the "substantially outweighs" standard
in Rule 609(b), it is well settled that whether to admit remote convictions under Rule
609(b) still "lies within the trial court's discretion and depends on the facts and
circumstances of each case." Jackson v. State, 50 S.W.3d 579, 591 (Tex. App.--Fort
Worth 2001, pet. ref'd). 

 In Theus, the Court of Criminal Appeals set out a non-exclusive list of factors
courts should use to weigh the probative value of a conviction against its prejudicial
effect. Theus, 845 S.W.2d at 880-81. Such factors include (1) the impeachment
value of the prior crime, (2) the temporal proximity of the past crime relative to the
charged offense and the witness's subsequent history, (3) the similarity between the
past crime and the charged offense, (4) the importance of the witness's testimony, and
(5) the importance of the witness's credibility. Id. The proponent seeking to
introduce evidence pursuant to Rule 609 has the burden of demonstrating that the
probative value of a conviction outweighs, or in this case substantially outweighs, its
prejudicial effect. See id. at 880. We consider these factors in our Rule 609(b)
analysis. See Hankins v. State, 180 S.W.3d 177, 180-81 (Tex. App.--Austin 2005,
pet. ref'd) (applying Theus factors in Rule 609(b) analysis).

 In regard to the first factor, we note that the impeachment value of prior
offenses involving deception or moral turpitude is greater than for offenses involving
violence. Theus, 845 S.W.2d at 881. Additionally, violent offenses are likely to have
more of a prejudicial effect. Id. Here, appellant's prior convictions for theft are
crimes involving deception. Rodriguez, 129 S.W.3d at 559. Although robbery
contains theft or attempted theft as an element, it is unclear whether appellant's prior
robbery convictions relate to his propensity for deception. Id. (citing Simpson v.
State, 886 S.W.2d 449, 452 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd) (noting
further that robbery involves threat or use of violence)). The State did not introduce
into evidence any details regarding appellant's prior robbery convictions, and
appellant testified on cross-examination that, although he had a long criminal record,
he did not have a violent record, is not a violent man, and had never hurt anyone. 
Accordingly, we conclude that the first factor favors admission of appellant's two
theft convictions, but may favor exclusion of appellant's three robbery convictions.

 In regard to the second factor, temporal proximity and subsequent history, the
law favors admission of past offenses if they are recent and the witness has
demonstrated a pattern of running afoul of the law. Theus, 845 S.W.2d at 881. As
noted above, the trial court rejected appellant's remoteness challenge based, in part,
on its finding as to when appellant was released from prison. However, although
appellant himself testified that he served eight years (which would defeat his
remoteness challenge, at least as to the conviction for which he "served eight years"),
other information in the record suggests this testimony is suspect. But even if the
record does not affirmatively establish the date of appellant's release from prison for
his prior convictions, there is evidence in the record that appellant was still on parole
for his prior convictions at the time of the assault and, presumably, he was not
successfully discharged from parole. See Bradden v. State, Nos. 10-03-00346-CR &
10-03-00347-CR, 2004 WL 2830865, at *4 (Tex. App.--Waco Dec. 8, 2004, pet.
ref'd) (mem. op., not designated for publication) (finding, under Rule 609(b), that
probative value of 1972 conviction substantially outweighed its prejudicial effect
based on evidence that appellant had "only recently been paroled" for subsequent
1978 conviction and evidence showed lack of reformation); see also Hankins, 180
S.W.3d at 181 (finding drug conviction offered minimal probative value, in part,
because conviction was "was successfully discharged through probation"). Again,
by appellant's own testimony, he fled the scene of the assault based on his fear of
parole revocation. (4) 

 Appellant also agreed that he had long criminal record, and appellant's
testimony indicated that, prior to being sent to prison for his most recent 1993
robbery convictions, he committed a series of crimes in quick succession. The record
further indicates that appellant likely committed each of these offenses shortly after
being released from confinement stemming from each of his prior convictions. The
record also showed that appellant had previously had his probation revoked for one
of his convictions. Based on the evidence that the temporal distance between
appellant's prior convictions and the instant offense was due, in part, to appellant's
confinement in prison, appellant was still on parole at the time of the instant offense
and did not complete parole successfully, appellant's probation had previously been
revoked for one of his other convictions, and appellant committed multiple crimes in
quick succession shortly after being released each time, we conclude that the second
factor favors admission of appellant's prior convictions.

 In regard to the third factor, similarity between an offense and the current
offense militates against admissibility, whereas dissimilarity between the past offense
and the current offense favors admissibility. Theus, 845 S.W.2d at 881; Rodriguez,
129 S.W.3d at 560. As appellant concedes, the present case involves the offense of
aggravated assault, which is not similar to appellant's prior robbery and theft
convictions. Thus, we conclude that the third factor favors admission because there
is a lessened possibility of prejudice. See Theus, 845 S.W.2d at 881.

 In regard to the fourth and fifth factors, we note that "[w]hen the case involves
the testimony of only the defendant and the State's witnesses . . . the importance of
the defendant's credibility and testimony escalates" and "so will the need to allow the
State an opportunity to impeach the defendant's credibility." Id. Here, although the
State presented testimony from police officers as well as the complainant's records
establishing that she suffered extensive and severe bodily injuries as a result of the
assault, and appellant presented the testimony of a friend, the complainant and
appellant provided the only direct eyewitness testimony concerning the assault. 
Moreover, the credibility of the complainant and appellant were critical issues
because the complainant and appellant each testified that the other was the aggressor
in the incident. Thus, we conclude that the fourth and fifth factors favor admission. 
See id. 

 In sum, all of the Theus factors favor admission of appellant's theft
convictions. In regard to the robbery convictions, the first factor is the only factor
that may favor exclusion, but we again note that appellant testified that he was not a
violent man, and appellant's robbery convictions may have been probative not simply
to assess appellant's credibility but also to respond to appellant's testimony. Based
on our consideration of all of the Theus factors, we hold that the specific facts and
circumstances support a finding that the probative value of appellant's prior
convictions substantially outweighed their prejudicial effect. Accordingly, we further
hold that the trial court did not abuse its discretion in denying appellant's Theus
motion and admitting evidence of appellant's prior convictions.

 We overrule appellant's first point of error. 

Improper Argument

 In his second point of error, appellant contends that the "State's manifestly
improper jury argument was so egregious that the court's instruction to disregard
failed to cure the harm." Appellant complains of the following closing argument:

[State]: And, you know the bottom line is: Who are you
going to believe? Are you going to believe this man
over here who all the evidence shows, every piece of
evidence shows that he stabbed her on that day? 
Every piece of evidence. Are you going to believe
the man with the criminal history as long as my arm?


[Appellant]: Judge, I object. That's not allowed just for belief;
it's for motive and intent. It specifically says what.


[Trial Court]: Sustained.


[Appellant]: Ask the jury be instructed to disregard.


[Trial Court]: The jury is instructed to disregard.


[Appellant]: Move for a mistrial.


[Trial Court]: That's denied.


[State]: Okay. You're the judges of the credibility, that's
what it boils down to. So who do you find more
credible, this man with the long criminal history? I
read it off yesterday and he admitted all of it.


 After the State tried to make the same argument, the trial court again sustained
appellant's objection, instructed the jury to disregard, and denied appellant's request
for a mistrial. 

 Although the trial court sustained appellant's objections, we hold that the
State's argument that the jury could consider appellant's prior convictions in
assessing his credibility was permissible argument. See Paita v. State, 125 S.W.3d
708, 715 (Tex. App.--Houston [1st Dist.] 2003, pet. ref'd) (finding that "State's
closing argument concerned the credibility of appellant's testimony in light of his
previous conviction" and was "proper as a reasonable deduction" from evidence);
Caballero v. State, 881 S.W.2d 745, 750 (Tex. App.--Houston [14th Dist.] 1994, no
pet.) (finding State's argument emphasizing that jury could consider defendant's prior
conviction in assessing credibility of his testimony was proper). Here, in its closing
argument, the State did not ask the jurors to consider appellant's prior convictions in
determining his guilt. Rather, it simply urged them to use these convictions in
evaluating appellant's credibility. Moreover, the State's argument was consistent
with the trial court's charge, which instructed the jurors that evidence of appellant's
other offenses could not be considered as evidence of guilt, but rather was admitted
for the purposes of aiding them in passing upon the credibility of appellant and the
weight to give his testimony. (5) Appellant does not complain about this charge on
appeal.

 We overrule appellant's second point of error. 

Conclusion

 We affirm the judgment of the trial court.


 

 Terry Jennings

 Justice


Panel consists of Justices Nuchia, Jennings, and Keyes.


Publish. See Tex. R. App. P. 47.2(b).

1. See Tex. Pen. Code Ann. § 22.02 (Vernon 2006). 
2. Theus v. State, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992). 
3. See Morris v. State, 67 S.W.3d 257, 263 (Tex. App.--Houston [1st Dist.] 2001, pet.
ref'd) (stating that if "[t]he record is silent as to the dates appellant was released from
confinement for his prior offenses . . . we must look at the dates of each conviction
offered").
4. We note that at least one other Texas Court of Appeals has held that the revocation
of parole for a prior offense and subsequent re-confinement for the revocation may
remove any taint of remoteness of the prior offense. See Brown v. State, No. 05-01-00159, 2001 WL 1183288, at *3 (Tex. App.--Dallas 2001, no pet.) (mem. op., not
designated for publication). In Brown, the appellant contended that his return to
prison for parole violations did not represent confinement for the original conviction. 
Id. at *2 The court rejected this argument, noting that appellant's parole was a
"discretionary and conditional release" that allowed him to serve the remainder of his
sentence under the supervision of the pardons and paroles division. Id. at *3. (citing
Tex. Gov't Code Ann. § 508.001(6) (Vernon Supp. 2006)). The court concluded
that although appellant was released on parole, he was not released from serving the
balance of his sentence and, therefore, the court looked at the date of his release from
re-confinement as the relevant date under Rule 609. Id. Here, to the extent that there
was evidence that appellant's parole for his 1993 convictions was revoked based on
the instant assault, the trial court may have been entitled to review the admission of
these convictions under the Rule 609(a) standard. Id.


 
5. Appellant's second point of error appears to be contingent upon his first point of
error. Appellant argues that "arguably [in light of point of error one] the prosecutor's
argument was manifestly improper." Appellant also asserts that although the trial
court denied his Theus motion, it "arguably reversed [its] position as evidence[d] by
sustaining trial counsel's argument objection." However, there is nothing in the
record to indicate that the trial court ever changed its ruling on appellant's Theus
motion. To the extent appellant presents his second point of error as contingent on
his first point of error, our overruling of appellant's first point of error necessarily
resolves appellant's appeal.