Opinion issued October 20, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00630-CR

———————————

Kenneth Anderson, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 228th District Court

Harris County, Texas



Trial Court Case No. 1237409

 



 

MEMORANDUM OPINION

A jury
convicted appellant Kenneth Anderson of possession of cocaine weighing one gram
or more but less than four grams, a third-degree felony, and sentenced him to
35 years in prison.  See Tex. Health & Safety
Code Ann. §§ 481.102(3)(D), 481.115(a), (c) (West 2011)
(establishing offense of cocaine possession between one and four grams).  Anderson entered a plea of not true to two
enhancements, and the jury found both enhancements to be true.  In his sole issue, Anderson argues that the
trial court erred in denying his motion to prohibit the State from impeaching
him with his prior convictions.  See Tex.
R. Evid. 609; Theus v. State,
845 S.W.2d 874 (Tex. Crim. App. 1992). 
We modify the judgment of the trial court to reflect Anderson’s plea of
“not true” to the second enhancement paragraph and the jury’s finding that the
first enhancement paragraph was “true,” and we affirm the trial court’s judgment
as modified.

Background

Anderson was arrested in a car near
an apartment complex that had been under surveillance for suspected narcotics
dealing.  As the police approached the
car, Anderson ducked his head while he chewed a bag containing approximately
two grams of crack cocaine.

Anderson filed a Theus motion before voir dire,
requesting that he be allowed to testify free from impeachment concerning
various prior convictions, specifically several felonies more than ten years
old and several misdemeanors less than ten years old.  Alternatively, the motion sought to restrict
the State from specifying the nature of those convictions.  The trial court declined to rule on the
motion at that time, expressly reserving its decision until Anderson would take
the stand.

After the State rested, Anderson
re-urged his Theus motion, explaining
that the court’s ruling would impact his decision to testify.  Following arguments by the defense and the
State, the trial court treated the motion as one in limine and ruled that the
State could raise Anderson’s prior convictions but would need to reapproach the
bench for leave to specify them.  Anderson
then informed the court that, as a result of its ruling, he would not
testify.  The defense rested without
calling any witnesses or presenting any evidence.  The jury convicted Anderson of possession of
cocaine and sentenced him to 35 years in prison.

Analysis

Anderson’s sole issue
is that the trial court erred in its evidentiary ruling denying his Theus motion.  When the issue has been preserved for appeal, we review for
clear abuse of discretion, that is, whether the decision lies outside the zone
of reasonable disagreement.  Theus, 845 S.W.2d at 881; Davis v. State, 259 S.W.3d 778, 780
(Tex. App.—Houston [1st Dist.] 2007, pet. ref’d).

However, a criminal defendant must testify to preserve error
on a Theus motion.  See
Jackson v. State, 992 S.W.2d 469, 479–80 (Tex. Crim. App. 1999) (citing Luce v. United States, 469 U.S. 38,
41–43, 105 S. Ct. 460, 463–64 (1984)); Long
v. State, 245 S.W.3d 563, 572–73 (Tex. App.—Houston [1st Dist.] 2007, no
pet.).  Anderson did not testify.  We hold that Anderson has failed to preserve
this issue for appeal.

          We overrule Anderson’s sole issue.

Reformation of the Judgment

Finally, the trial court’s judgment
does not accurately comport with the record in that it does not reflect Anderson’s
plea of not true to the second enhancement charged in the indictment or the
jury’s finding of true on the first enhancement charged.  “An appellate court has authority to reform a
judgment to include an affirmative finding to make the record speak the truth
when the matter has been called to its attention by any source.”  French
v. State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (citing Asberry v. State, 813 S.W.2d 526, 529
(Tex. App.—Dallas 1991, pet. ref’d)); accord Nolan v. State, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (“An
appellate court has the power to correct and reform a trial judgment to make
the record speak the truth when it has the necessary data and information to do
so.”); see also Tex. R. App. P. 43.2(b).  The record supports modification of the judgment
because the court reporter’s record reflects that Anderson entered a plea of not
true to the second enhancement paragraph and that the jury found the first
enhancement paragraph to be true. 
Accordingly, the trial court’s judgment is modified to reflect that Anderson
pleaded not true to the second enhancement alleged by the State and to reflect
that the jury found the first enhancement true.

Conclusion

We modify the trial court’s
judgment to reflect appellant’s plea of “not true” to the second enhancement
paragraph and the jury’s finding of “true” regarding the first enhancement
paragraph.  We affirm the judgment of the
trial court as modified.

 

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Massengale.

Do
not publish.  Tex. R. App. P. 47.2(b).