Opinion issued
October 27, 2011



In The

 

Court of Appeals

 

For The

 

First District of Texas

 

————————————

 

NO.
01-10-00783-CR

 

———————————

 

Ladell
ontwell nelson, Appellant

 

V.

 

the
state of texas, Appellee



 



 

On Appeal
from the 232nd District Court

Harris
County, Texas



Trial Court Case No. 1235307

 



 

 

 

 

MEMORANDUM OPINION

          Appellant,
Ladell Ontwell Nelson, appeals a judgment convicting him of the first degree
felony of possession with intent to deliver. 
See Tex. Health & Safety Code Ann. § 481.112(a),
(d) (West 2010).  Nelson was charged by
indictment with possession of a controlled substance, cocaine, in an amount of
four grams or more but less than 200 grams, and found guilty by a jury.  Nelson pleaded true to one enhancement paragraph
and the court sentenced him to fifteen years’ confinement in the institutional
division of the Texas Department of Criminal Justice.  In Nelson’s first issue, he contends that he
received ineffective assistance because his counsel failed to present mitigating
evidence of Nelson’s prior mental health issues.  In his second issue, Nelson contends that the
trial court erred in admitting evidence of a prior conviction to impeach a
defense witness.  We conclude that Nelson’s
counsel was not ineffective and that the trial court did
not abuse its discretion in admitting the 1997 conviction.  We affirm.

Background

          On October 1,
2009, two plain-clothed police officers, engaged in a surveillance operation, observed
Nelson sitting on the porch of a home. 
The officers observed three separate instances in which Nelson engaged
in a hand to hand drug transaction with different individuals.  Either before or after each exchange, Nelson retrieved
something from a white Styrofoam container that he had stored under the porch.  After the three transactions, Nelson surveyed
the area, using binoculars.  Shortly
thereafter, he walked away from the house, leaving the Styrofoam container
behind.  

One of the officers
arrested Nelson a short distance from the house.  At the time he was detained, Nelson did not
have any narcotics on him, but he had a large amount of money in small bills
wadded up in his pockets.  After Nelson
was apprehended, the officers returned to the porch with Nelson.  They removed a white substance from the Styrofoam
container, which tested positive for narcotics. 
Lab testing showed that the substance was crack cocaine.  Nelson was charged with possession with
intent to deliver a controlled substance.

          At
trial, Nelson called Julius Cecil Kirby to testify on his behalf.  Kirby testified that he saw police officers
enter the house and steal unidentified items on the day of Nelson’s arrest.  Other defense witnesses corroborated Kirby’s
claim, but the officers denied it.  During
cross-examination, the State requested permission to discuss Kirby’s prior
criminal history for the purposes of impeachment.  Kirby’s criminal history included a 1980
robbery conviction, a 1995 possession of a controlled substance conviction, a 1997
possession of a controlled substance conviction, and a 2010 possession of a
controlled substance conviction.  The trial
court excluded the 1980 robbery conviction and the 1995 conviction for possession
of a controlled substance but permitted the State to impeach Kirby with the 1997
and 2010 convictions.  A jury found Nelson
guilty of possession with intent to deliver a controlled substance, and the
trial court sentenced him to fifteen years’ confinement in the institutional
division of the Texas Department of Criminal Justice. 

          Dr.
Cullen Gibbs had performed a Competency Evaluation of Nelson before trial, but
Nelson’s counsel did not seek to introduce the report to the jury or offer it
during sentencing.  The report declared
Nelson competent to stand trial because he functioned normally and understood
the charges against him.  It also referenced
Nelson’s statements that he had been treated by the Mental Health and Mental
Retardation Authority of Harris County, had a diagnosis of bipolar disorder, and
had been on medication for this condition. 
Nelson claims the report is mitigating evidence that should have been introduced
by his attorney.  

Effective Assistance
of Counsel

          In
his first issue, Nelson contends that his trial counsel rendered ineffective
assistance in violation of the Sixth Amendment of the United States
Constitution by failing to introduce evidence of Nelson’s past mental health
history, which Nelson contends is mitigating evidence.

A.  
Standard
of Review 

          To prevail on an ineffective assistance of counsel
claim, Nelson must demonstrate, by a preponderance of the evidence, that (1)
his trial counsel’s performance was deficient and (2) a reasonable probability
exists that, but for the deficiency, the result of the proceeding would have
been different.  Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052,
2064, 2068 (1984).  Under the first prong
of Strickland, the appellant must
show that his counsel’s performance fell below an objective standard of
reasonableness, which does not require showing that counsel’s representation
was without error.  Robertson v. State, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999).  The second prong
of Strickland requires the appellant
to demonstrate prejudice—a reasonable probability that, but for his counsel’s
unprofessional errors, the result of the proceeding would have been
different.  Strickland, 466 U.S. at 694, 104 S. Ct. at 2068; Thompson, 9 S.W.3d at 812.  “A reasonable probability is a probability
sufficient to undermine confidence in the outcome.”  Strickland,
466 U.S. at 694, 104 S. Ct. at 2068.  A
failure to make a showing under either prong defeats a claim of ineffective
assistance.  Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

          We indulge a
strong presumption that counsel’s conduct fell within the wide range of
reasonable professional assistance, and therefore the appellant must overcome
the presumption that the challenged action constituted “sound trial
strategy.”  Strickland, at 689, 104 S. Ct. at 2065; Williams v. State, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).  To prevail, the appellant must provide an
appellate record that affirmatively demonstrates that counsel’s performance was
not based on sound strategy.  Mallett v. State, 65 S.W.3d 59, 63 (Tex.
Crim. App. 2001); see Thompson, 9 S.W.3d at 813 (holding that
record must affirmatively demonstrate alleged ineffectiveness).  If the record is silent regarding the reasons
for counsel’s conduct—as it usually is on direct appeal—then the record is
insufficient to overcome the presumption that counsel followed a legitimate
trial strategy.  Tong v. State, 25 S.W.3d 707, 714 (Tex. Crim. App. 2000); Thompson, 9 S.W.3d at 813–14.  

B.   Analysis

The record in
this case is silent about trial counsel’s reasons for not presenting evidence
of Nelson’s mental health history.  When
the record is silent as to the reason for counsels’ actions “we will not
conclude the challenged conduct constituted deficient performance unless the
conduct was so outrageous that no competent attorney would have engaged in
it.”  Garcia
v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001); Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (review is
highly deferential to counsel).  Nelson’s
trial counsel may have had a tactical motivation for not offering evidence
relating to Nelson’s past mental health, or may have investigated Nelson’s
claims of mental illness and found them to lack an adequate foundation.[1]  Nelson’s attorney’s failure to offer the
mental health history is far short of being “so outrageous that no competent
attorney would have engaged in it” and therefore insufficient to overcome the
presumption that his failure to do so was based on sound strategy.  Thompson,
9 S.W.3d at 814; Tong, 25 S.W.3d at 714 (“[T]he record in the instant case is silent as
to why appellant’s counsel failed to object and is therefore insufficient to
overcome the presumption that counsel’s actions were part of a strategic
plan.”); Weaver v. State
265 S.W.3d 523, 538 (Tex. App.—Houston [1st Dist.] 2008. pet. ref’d)
(holding that a silent record as to why no pre-trial jury election was made is
insufficient to find counsel ineffective because the court cannot say that no
reasonable attorney would fail to file such action).   

          Because
Nelson has not satisfied the first prong of the Strickland test, we will not address the second prong.  Rylander,
101 S.W.3d at 110.  We overrule Nelson’s
first issue.  

Impeachment with Convictions
More Than Ten Years Old

In his second
issue, Nelson contends that the trial court erred in allowing the State to use a
1997 felony conviction to impeach Kirby.

 

 

A.  
Standard
of Review 

“We review a
trial court’s decision regarding the admissibility of evidence of prior
convictions for a ‘clear abuse of discretion.’”  Davis v.
State, 259 S.W.3d 778, 780 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d)
(quoting Theus v. State, 845 S.W.2d
874, 881 (Tex. Crim. App. 1992)).  The
trial court has wide discretion and its judgment will not be overturned unless
it “lies outside the zone of reasonable disagreement.”  Id.
(citing Theus, 845 S.W.2d at 881).  

Rule 609 of the
Texas Rules of Evidence provides that the trial court shall admit evidence of a
witness’s prior convictions for impeachment purposes if the crime was a felony
or a crime of moral turpitude and the court determines that the probative value
of admitting the conviction outweighs its prejudicial effect.  Tex.
R. Evid. 609(a); Morris v. State,
67 S.W.3d 257, 263 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d).  If ten years have passed since the date of
conviction or release from confinement, however, the conviction is not
admissible unless the trial court determines that the probative value of the
conviction substantially outweighs its prejudicial effect.  Tex.
R. Evid. 609(b); Jackson v. State, 50 S.W.3d 579, 591
(Tex. App.—Fort Worth 2001, pet. ref’d) (“Whether to admit remote convictions
lies within the trial court’s discretion and depends on the facts and
circumstances of each case.”).

Generally,
convictions more than ten years old are inadmissible because we presume that a witness
is capable of rehabilitation and that his character has reformed over a period
of law-abiding
conduct.  See Morris, 67 S.W.3d at 263. 
Subsequent convictions for felonies or misdemeanors involving moral
turpitude however, may “remove the taint of remoteness from the prior
convictions.”  Id. (citing Hernandez v.
State, 976 S.W.2d 753, 755 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d)).  In that circumstance, we use Rule 609(a)’s
“outweigh” standard, instead of Rule 609(b)’s “substantially outweigh”
standard, because “tacking” the intervening convictions “renders convictions
more than ten years old no longer remote.”  Id.

In this case,
evidence of a 2010 felony conviction for possession of a controlled substance removed
the taint of remoteness from the 1997 conviction.  Therefore, we apply the Rule 609(a)
“outweigh” standard to determine whether admission of appellant’s prior
convictions more than ten years old was proper. 
Id.  

B.  
Analysis 

We consider the following non-exclusive list of factors in weighing
the probative value of a witness’s remote conviction against its prejudicial
effect: (1) the impeachment value of the prior crime; (2) the temporal
proximity of the past crime relative to the charged offense and the witness’s
subsequent criminal history; (3) the similarity between the past crime and the
charged offense; (4) the importance of the witness’s testimony; and (5) the
importance of the witness’s credibility. 
Theus, 845 S.W.2d at 880; Morris, 67 S.W.3d at
264.  The second and third factors
are modified slightly when applied to non-defendant witnesses.  Moore
v. State, 143 S.W.3d 305, 313 (Tex. App.—Waco 2004, pet. ref’d.); Thompson v. State, No. 03-06-00695-CR,
2007 WL 1647830 *3 (Tex. App.—Austin, no pet.) (mem. op., not designated for
publication).  

The first of these factors, the impeachment value of the
crime, focuses on the nature of the prior crime being offered for impeachment.  Under this test, crimes involving deception have
a higher impeachment value and other crimes, such as those involving violence, have
a higher potential for prejudice.  Theus, 845 S.W.2d at 881.  Drug
related crimes tend to have a have lower impeachment value because they
generally do not involve deception, moral turpitude or violence.  See
Denman v. State, 193 S.W.3d 129, 136 (Tex. App.—Houston [1st Dist.] 2006,
pet. ref’d) (declining State’s request to hold delivery of cocaine to
be crime of moral turpitude but finding the first factor “cuts against
admissibility of the delivery of cocaine conviction”).  Here, the prior crime—possession
of a controlled substance—does not have a high impeachment value, but does have
some potential for prejudice.  This
factor weighs against admissibility.  

The second factor, when applied to a
non-defendant witness, focuses on the temporal proximity of the prior
conviction to the date the witness testifies and the witness’s subsequent criminal
history.  See Moore, 143 S.W.3d at 313.  “[T]he second factor will
favor admission if the past crime is recent and if the witness has demonstrated
a propensity for running afoul of the law.” 
Theus, 845 S.W. 2d at
881.  The 1997 conviction was not close
in time to Kirby’s testimony in Nelson’s case. 
However, Kirby did have a recent subsequent criminal history—he was convicted again in 2010.  Because the witness has a continuing pattern
of criminal conduct, the second factor favors
admissibility.  See
Jackson v. State, 11 S.W.3d 336, 340 (Tex. App.—Houston
[1st Dist.] 1999, pet. ref’d.) (appellant’s prior felony conviction and two
misdemeanors within the previous five years showed that “he ha[d] a recent
propensity for running afoul of the law”).

The
third factor focuses on the similarity between the past crime and any conduct
of the witness that is at issue in trial. 
If the prior crime is similar to the accused crime, this factor weighs
against admitting the evidence.  Theus, 845 S.W. 2d at 881. “The
rationale behind this is that the admission for impeachment purposes of a crime
similar to the crime charged presents a situation where the jury would convict
on the perception of a past pattern of conduct, instead of on the facts of the
charged offense.”  Id.; see Moore,
143 S.W.3d at 313 (finding that third factor weighed in favor of admitting the
prior conviction because the lack of similarity between the witness’s prior
theft conviction and his conduct as the victim of assault “indicate[d]
no significant danger of unfair prejudice”).  The focus of Kirby’s
testimony at Nelson’s trial was Kirby’s eye-witness account of what he claimed transpired
at the scene of Nelson’s arrest for possession of crack cocaine.   Kirby’s
claim that he saw the officers steal items from the house where Nelson sold
drugs is not so unrelated to the conduct that formed the basis for Kirby’s 1997
possession of a controlled substance conviction to say that there was no risk
of prejudice.  There is a risk that
Nelson would be prejudiced for relying on a witness such as Kirby, who had been
previously convicted of a similar crime. 
Because of the risk that a jury would associate Kirby’s criminal drug
history with Nelson’s actions on the day of his arrest, the third factor weighs
against admitting the 1997 conviction.  See Berry
v. State, 179 S.W.3d. 175, 180 (Tex. App.—Texarkana 2005, no
pet.) (holding that because the defendant’s charged crime and past crime were
identical, the third factor weighed against admission).    

With
regard to the fourth and fifth factors, “[w]e consider the importance of
appellant’s testimony and of his credibility.”  
Martin v. State, 265 S.W.3d
435, 445 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing Theus, 845 S.W.2d at 881).  Texas courts use a sliding-scale analysis to
determine admissibility.  See Theus, 845 S.W.2d at 881.  We consider Nelson’s defense and the means at
this disposal to prove that defense.  See Martin,
265 S.W.3d at 445.  By calling Kirby and
others to accuse the officers, Nelson sought to undermine the State’s case
against him. For its part, the State had a need to impeach Kirby’s credibility in
order to rehabilitate the officers.  Both
the testimony and the credibility of Kirby were important.  Therefore, the fourth and fifth factors weigh
in favor of admissibility.  See id. (when appellant had a heightened
need to establish his credibility and the State had a need to impeach it,
factors four and five weighed in favor of admissibility).  

Overall the factors weigh
in favor of admissibility of the 1997 conviction.  Accordingly, we hold that the trial court’s
decision to admit the evidence of Kirby’s 1997 conviction was not a clear abuse
of discretion.  See Davis,
259 S.W.3d at 780 (citing Theus, 845
S.W.2d at 880).  

We overrule Nelson’s second issue.  

Conclusion

We affirm the judgment of the trial court.

 

 

                                                                   Rebeca
Huddle

                                                                   Justice


 

Panel
consists of Justices Radack, Bland, and Huddle.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          The report contains Nelson’s own
statements of his past mental conditions and 

states that the evaluator
found Nelson was competent to stand trial. 
Nelson does not specify how the report itself would have aided him had
his attorney tried to admit it at either phase of trial and there is nothing in
the file itself that would indicate that it would have been helpful.