Opinion issued February 20, 2014



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00071-CR

———————————

## MAURICE EUGENE HORTON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 176th District Court
Harris County, Texas
Trial Court Case No. 1346341

## MEMORANDUM OPINION

A jury convicted Maurice Eugene Horton for having snatched the wallet of eighty-seven year old Ella Marquez outside of a Whataburger restaurant after she had finished her lunch, and the trial court assessed punishment at nine years'

confinement.[1]  In his sole point of error, appellant contends that the trial court erred when it allowed the State to impeach him with his prior convictions at trial. We affirm.

## Background

Prior to trial, the State filed notice of its intent to offer evidence of appellant's prior convictions.[2]  After the State rested, trial counsel requested outside of the presence of the jury that appellant be permitted to testify without being impeached with his prior convictions.  The trial court denied appellant's motion.

Appellant testified that after he finished his meal at the Whataburger restaurant, he walked to his car and found a wallet on the ground in the parking lot. He testified that he picked the wallet up and took it with him with the intention of returning it to its owner.  During appellant's testimony, the State impeached him with evidence of five prior convictions.[3]

---

[1]  *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(B), (f)(3)(A) (West Supp. 2012) (theft of property from elderly person).

[2]  This case proceeded to trial in January 2013.

[3]  Appellant's convictions consist of a 1997 conviction for misdemeanor theft, a 2003 conviction for making a false statement to obtain credit, a 2003 conviction for fraudulent use of identifying information, a 2003 conviction for felony theft, and a 2010 conviction for assault of a family member.

After the jury found appellant guilty of theft of an elderly person, the trial court assessed punishment at nine years' imprisonment. Appellant timely filed this appeal.

**Discussion**

Appellant contends that the trial court erred when it allowed the State to impeach him in violation of Rule of Evidence 609 with three of his prior convictions: a 1997 conviction for misdemeanor theft, a 2003 conviction for felony theft, and a 2010 conviction for misdemeanor assault of a family member. As appellant failed to object to the admission of the 1997 and 2010 convictions, the State contends that any error as to these two convictions is waived. Further, the State argues that the trial court properly concluded that appellant's 2003 felony theft conviction was admissible because its probative value outweighed its prejudicial effect, and that even if the trial court erred in admitting evidence of his prior convictions, any error was harmless.

### A. Standard of Review

We review a trial court's decision regarding the admissibility of evidence of prior convictions under a "clear abuse of discretion" standard. *Theus v. State*, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992); *Davis v. State*, 259 S.W.3d 778, 780 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). The trial court abuses its discretion when its decision to admit evidence of a prior conviction lies outside the

3

zone of reasonable disagreement. *Theus*, 845 S.W.2d at 881; *Davis*, 259 S.W.3d at 780.

### B. Applicable Law

Rule of Evidence 609 governs the admissibility of prior convictions to impeach witnesses. TEX. R. EVID. 609; *Jackson v. State*, 11 S.W.3d 336, 339 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). Rule 609(a) provides, in relevant part:

(a) **General Rule.** For the purposes of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness . . . but only if the crime was a felony or involves moral turpitude, regardless of punishment, and the court determines that the probative value outweighs its prejudicial effect to a party.

(b) **Time Limit**. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

TEX. R. EVID. 609.

When determining whether a trial court properly weighed the probative value of a prior conviction against its prejudicial value, we must consider the following non-exclusive factors: (1) the impeachment value of the prior conviction, (2) the temporal proximity of the prior conviction relative to the charged offense and the witness's subsequent criminal history, (3) the similarity between the past

4

crime and the charged offense, (4) the importance of the witness's testimony, and (5) the importance of the witness's credibility. *Theus*, 845 S.W.2d at 880.

## C. Appellant's 1997 and 2010 Convictions

Appellant argues that the trial court erred by allowing the State to impeach him with the 2010 misdemeanor conviction for assault of a family member because (1) as a crime of violence, an assault is far more prejudicial than a crime of deception; (2) as the only defense witness at trial, appellant's testimony was critical to his defense; and (3) there were other less prejudicial convictions with which the State could have impeached him. He also contends that the trial court erred in permitting his impeachment with evidence of his 1997 misdemeanor theft conviction because (1) of the similarity with the offense charged; (2) more than fifteen years had elapsed since the date of his release for that conviction; (3) as the only defense witness, appellant's testimony was critical to his defense; and (4) there was no evidence in the record to show that the probative value of the conviction substantially outweighed its prejudice effect. Appellant concludes that because these factors weigh against the admissibility of his 2010 and 1997 convictions under Rule 609's balancing test, the trial court erred.

After the State rested, the following exchange took place outside of the presence of the jury:

> [Trial Counsel]: Your Honor, before we proceed, since the State filed notice that my client has some prior convictions, under 609 we would

5

ask that—my client would ask that he be allowed to testify free from impeachment from those convictions. One of the convictions, the one that is in the enhancement paragraph, is a theft conviction.

[The Court]: Yes, ma'am.

[Trial Counsel]: And he was released from incarceration in that case in June of 2006. I would argue to the Court that the prejudicial value of the jury knowing about that outweighs the probative value. Because it's a theft case, I wouldn't want the jury to get the impression just because he is convicted of theft on that occasion that he is a thief, and I think that would be highly prejudicial, but he needs to testify because he's the only person who can tell the jury what happened from his point of view.

. . . .

[The Court]: I'm going to follow along with the Rules of Evidence and I will allow you to be impeached, sir, with your priors.

. . . .

[Trial Counsel]: And, your Honor, I guess in light of your ruling I would ask—I know ordinarily it wouldn't be probative to go into the details or the facts of my client's prior convictions, but in this case I think it would be probative for him to explain to the jury what happened in that other theft case so that they can understand that it's not the same facts. It's not the same situation as what happened in 2003 that sent him to prison.

[The Court]: I will respond if there's an objection at the time, but you may ask your client any question you want to.

[Trial Counsel]: All right. Thank you.

This exchange constitutes the entirety of trial counsel's objection to the introduction of appellant's prior convictions for impeachment purposes. As the excerpt above demonstrates, trial counsel specifically objected to the admission of

6

appellant's 2003 felony theft conviction but not to admission of the 1997 misdemeanor theft conviction or his 2010 misdemeanor conviction for assault of a family member.

Before we may determine whether a trial court erred in the admission of evidence, the error must have been preserved by a proper objection and a ruling on that objection. *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003); *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). A proper objection is one that is timely and specific. *See* TEX. R. APP. P. 33.1. Here, however, because appellant never specifically objected to the admission of his 1997 and 2010 convictions, he failed to preserve error as to these convictions. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Leyba v. State*, __ S.W.3d __, 2013 WL 4070770, at *4 (Tex. App.—Houston [14th Dist.] Aug. 13, 2013, no pet. h.) (concluding defendant's objection at trial only to admission of three of nine prior convictions resulted in waiver of error as to admission of other six convictions).

## D. Appellant's 2003 Conviction and the *Theus* Factors

Appellant's point of error as to the State's impeachment of him with the 2003 felony theft conviction argues that, under Rule 609, the probative value did not outweigh the prejudicial effect of this evidence. The State maintains that under the *Theus* factors, allowing appellant's impeachment with his 2003 conviction was not an abuse of discretion.

7

### Impeachment Value of Conviction

With regard to the first factor, the impeachment value of crimes of deception is greater than for offenses that involve violence. *Theus*, 845 S.W.2d at 881. Thus, a prior offense involving deception weighs in favor of admission. *Id.* The offense of theft is a crime of deception. *Rodriguez v. State*, 129 S.W.3d 551, 559 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). Thus, the first *Theus* factor weighs in favor of admission of appellant's 2003 theft conviction. *See id.*

### Temporal Proximity

The second factor—temporal proximity—favors admissibility if the past crime is recent and the witness has demonstrated a propensity for running afoul of the law. *Theus*, 845 S.W.2d at 881. Convicted of felony theft in 2003, appellant spent four years incarcerated as a result. Since, in the intervening six years between his release and his trial for the present offense, he was convicted in 2010 for misdemeanor assault, appellant has demonstrated a propensity for, and a history of, running afoul of the law and this favors admission of appellant's 2003 conviction. *See Jackson v. State*, 11 S.W.3d 336, 340 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

### Similarity of Offenses

The third factor weighs *against* admission if the prior conviction is similar to the charged offense so that a jury's decision is based on the facts of the present

case rather than the perception of the past conduct. *Theus*, 845 S.W.2d at 881. As his 2003 conviction was for theft, appellant argues that their similarity weighs against admissibility. However, although both cases involve theft, the similarity between them ends there. The 2003 conviction was based on his withdrawal of approximately $30,000 from his Houston Police Credit Union account despite knowing that the money did not belong to him, not a snatch-and-run wallet theft from an elderly woman.[4] *See Morris v. State*, 67 S.W.3d 257, 264 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (concluding third *Theus* factor favored admissibility in aggravated robbery trial of defendant's prior conviction for burglary of habitation where defendant did not use weapon during commission of burglary and did not commit offense while occupants were home). While both cases are theft, they are significantly different and, thus, this factor weighs in favor of admission.

### *Importance of Appellant's Testimony and Credibility*

Factors four and five concern, respectively, the importance of the defendant's testimony and credibility. *LaHood v. State*, 171 S.W.3d 613, 621 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). As both depend on the nature of a defendant's defense and the means available to him of proving that defense,

---

[4] Appellant testified that when he called the credit union regarding an overdraft, he was told that he had a balance of approximately $38,260. He testified that despite knowing the credit union had made an error, he withdrew the money from his account.

9

these two factors are related. *Miller v. State*, 196 S.W.3d 256, 268 (Tex. App.— Fort Worth 2006, pet. ref'd). When the only witness for the defense is the defendant himself or herself, the importance of the defendant's credibility and testimony increases. *Theus*, 845 S.W.2d at 881. As the importance of the defendant's credibility escalates, so, too, does the State's need to impeach that credibility. *Id.*

Because appellant was the only defense witness, his testimony and credibility were critical. As appellant's credibility was important, the need to allow the State an opportunity to impeach him was also high. *Theus*, 845 S.W.2d at 881; *Morris*, 67 S.W.3d at 265. We conclude that the fourth and fifth factors weigh in favor of admission of appellant's 2003 conviction.

In summary, appellant failed to preserve error on the admissibility of his 2010 assault conviction and his 1997 misdemeanor theft conviction. With regard to his 2003 felony theft conviction, all of the *Theus* factors favor admission of this conviction for impeachment purposes. Therefore, the trial court did not abuse its discretion in admitting evidence of his 2003 conviction. Appellant's point of error is overruled.

## Conclusion

We affirm the trial court's judgment.

Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish.   TEX. R. APP. P. 47.2(b).