

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00254-CR
### No. 10-12-00255-CR

**CHRISSIE RENEE HARRIS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 87th District Court
### Freestone County, Texas
### Trial Court Nos. 10-175-CR and 10-176-CR

## MEMORANDUM OPINION

In one issue in both appeals, appellant, Chrissie Renee Harris, challenges her convictions for sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.011(a)(2) (West 2011). We affirm.

### I.    BACKGROUND

In both appeals, appellant was indicted with one count of sexual assault of a child for conduct allegedly perpetrated against her step-son, T.L.H., on October 10 and

24, 2010. Testimony at trial established that T.L.H. was younger than seventeen years of age at the time of the alleged incidents.

At the conclusion of the evidence, the jury found appellant guilty in both cases. The trial court assessed punishment at ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice for each count and ordered that the sentences run consecutive to one another. The trial court subsequently certified appellant's right of appeal in both cases, and these appeals followed.

## II.   ANALYSIS

In one issue in both cases, appellant contends that the trial court abused its discretion by allowing the prosecutor to impeach her testimony with two prior felony convictions, both of which appellant contends were too remote.

### A.   Facts

Prior to trial, appellant filed a motion in limine, requesting, among other things, the exclusion of all extraneous crimes or misconduct evidence under Texas Rules of Evidence 403, 404(a)(1), (b), and 608. *See* TEX. R. EVID. 403, 404(a)(1), (b), 608. With little discussion, the trial court granted appellant's motion in limine.

In any event, at trial, appellant chose to testify on her own behalf. On cross-examination, the prosecutor asked whether appellant had previously gone by the name "Chrissie Scanlon." Appellant answered that was her maiden name. Thereafter, the following exchange took place at the bench:

| [Prosecutor]: | Your Honor, I intend to get into two or more prior felonies and I know that [defense counsel] has a |
|---|---|

<table>
<tr><td></td><td>motion in limine, but I'm thinking that it would be appropriate.</td></tr>
<tr><td>[Defense counsel]:</td><td>And I would object.</td></tr>
<tr><td>[Prosecutor]:</td><td>But her testimony opened the door.</td></tr>
<tr><td>THE COURT:</td><td>Her testimony did open the door, [defense counsel]. You may proceed.</td></tr>
</table>

The prosecutor subsequently questioned appellant about her 1997 convictions for burglary and endangering the welfare of a child.

## B.     Discussion

To preserve error, Texas Rule of Appellate Procedure 33.1(a) requires the complaining party to make a specific objection or complaint and obtain a ruling thereon before the trial court.  *See* TEX. R. APP. P. 33.1(a); *see also Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).  Texas courts have held that points of error on appeal must correspond or comport with objections and arguments made at trial.  *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1999); *see Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd).  "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review."  *Wright*, 154 S.W.3d at 241.

As stated above, appellant's motion in limine sought to exclude all extraneous crime or misconduct evidence under Texas Rules of Evidence 403, 404(a)(1), (b), and 608.  *See* TEX. R. EVID. 403, 404(a)(1), (b), 608.  However, on appeal, appellant contends that the prosecutor should not have been able to impeach appellant with these convictions because they are too remote under Texas Rule of Evidence 609.  *See id.* at R.

609. The record does not reflect that appellant objected in the trial court that the complained-of evidence should not be admitted because the convictions were too remote. Instead, appellant raises this argument for the first time on appeal. As such, appellant's trial-court objection does not comport with her appellate argument and, thus, preserves nothing for review. *See Dixon*, 2 S.W.3d at 273; *see also Wright*, 154 S.W.3d at 241. Furthermore, there is no indication in the record that the trial court understood appellant's general objection to constitute a challenge to the remoteness of her convictions under Texas Rule of Evidence 609. *See* TEX. R. EVID. 609.[1] Accordingly, we cannot say that appellant's objection was apparent from the context of the objection. *See* TEX. R. APP. P. 33.1(a); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Therefore, based on the foregoing, we conclude that appellant has not preserved this issue for review.[2] *See* TEX. R. APP. P. 33.1(a); *Clark*, 365 S.W.3d at 339; *Sample*, 405 S.W.3d at 300. We overrule appellant's issue in both cases.

---

[1] Texas Rule of Evidence 609 provides that evidence of a witness's prior convictions is admissible for purposes of impeachment if the crime was a felony or a crime of moral turpitude and if the trial court determines its probative value outweighs its prejudicial effect. TEX. R. EVID. 609(a); *see Davis v. State*, 259 S.W.3d 778, 780-81 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd). However, such evidence is inadmissible if ten or more years have passed since the conviction date or the witness's release from confinement, whichever is later, unless the court determines the probative value substantially outweighs its prejudicial effect. TEX. R. EVID. 609(b); *see Davis*, 259 S.W.3d at 781.

[2] It is worth mentioning that, in *Lankston v. State*, the Court of Criminal Appeals stated the following with regard to the specificity of objections:

> As regards specificity, all a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it. Of course, when it seems from context that a party failed effectively to communicate his desire, then reviewing courts

### III. CONCLUSION

Having overruled appellant's issue in both cases, we affirm the judgments of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
　　　Justice Davis, and
　　　Justice Scoggins
Affirmed
Opinion delivered and filed May 15, 2014
Do not publish
[CR25]

---

should not hesitate to hold that appellate complaints arising from the event have been lost.

827 S.W.2d 907, 909 (Tex. Crim. App. 1992).